THE STATE ex rel. MEYER BROTHERS DRUG COMPANY v. EDMOND KOELN, Collector of the Revenue, Appellant.

In Banc, May 21, 1920.

1. **INCOME TAX: Reduction by Property Tax: Repeal of Section 32.** Where the income tax for 1918 was assessed prior to March 1, 1919, but did not become due until the fall, and up to December, 1919, the taxpayer had paid no property tax that was deductible, his right in December to have his property taxes then due credited on the bill for the unpaid income taxes was not affected by the repeal on May 26, 1919,, of Section 32 of the Act of 1917, declaring that a taxpayer who shall have paid a property tax dur-

ing the year shall be credited with the full amount paid upon the income tax assessed against him during the year. The assessment of the income tax for 1918 being complete on March 1, 1919, the mode and amount of that assessment were exactly the same as if the taxpayer had owned no property subject to assessment and taxation on June 1, 1918; and as the property taxes deductible under Section 32 were those which became due and payable in the same year in which the income tax from which they were deductible became due and payable, the taxpayer could not claim the reduction at the time the income tax for 1918 was assessed (in March, 1919), or at the time when Section 32 was repealed on May 26, 1919, for up to that time he had neither received nor presented any receipts showing a payment of a property tax in 1919.

2. ———: ———: ———: **Vested Right.** If the right to a reduction of an assessed income tax by the amount of the property tax paid had not accrued at the time the statute authorizing the deduction was repealed, no vested right was taken away from the taxpayer by the repeal of the statute. The right to have the property tax payable in 1919 credited on the income tax for 1918, assessed in March, 1919, had not accrued at the time Section 32 of the Act of 1917, authorizing such credit, was repealed on May 26, 1919, and could not have accrued until after the payment of the property taxes due and payable in the fall of 1919 and the presentation of receipts therefor; and consequently the taxpayer had no vested right to such credit at the time said section was repealed. The reduction of assessed income taxes by the amount of propety taxes paid is a privilege available upon conditions stated, but a privilege based upon a continuance of the statute granting it may be withdrawn by a repeal of the statute, and no vested right is denied by a withdrawal of the privilege before it is exercised, but the income tax assessed before the repeal will still be due.

Appeal from St. Louis City Circuit Court.—*Hon. Charles B. Davis,* Judge.

REVERSED.

*Frank W. McAllister,* Attorney-General, *John T. Gose,* Assistant Attorney-General, *Charles D. Daues,* City Counselor, and *H. A. Hamilton,* Assistant City Counselor, for appellant.

(1) This court has interpreted Section 32 of our Income Tax Law and held that the tax receipt for taxes

paid to the State upon real and personal property had to be presented to the collector (not assessor) for credit —and that such receipt must be one that was received for taxes due and payable in the same year in which the income tax upon which it was to be credited, also became due and payable. State ex rel. v. Koeln, 211 S. W. 33. Respondent, therefore, if the law had remained in effect, having paid its state taxes in the fall of 1919, would have had the right thereupon to present such receipt to the collector and demanded credit upon his income tax bill due and payable at that time; but said Section 32 of the Income Tax Law having, upon the 26th day of May, 1919, been repealed with an emergency clause, there was no law in effect at the time respondent paid its state taxes, under which it could present its receipt in the fall of 1919 and demand credit therefor. Laws 1919, pp. 721, 722. The language of said Section 32 shows upon its face that a taxpayer's right to credit was conditioned upon his payment of state taxes and the presentation of the receipt therefor to the collector. No right could accrue until the conditions were performed. Laws 1917, p. 538. Before the time arrived when it was possible for respondent to perform the conditions upon which the right to credit was made to depend, the right itself was destroyed by the repeal of the law. The most that respondent ever had was a mere expectancy based upon the continuance of a law and the performance of conditions therein imposed. This expectancy came to naught, because prior to the time when it did or could ripen into a right by reason of the performance of such conditions, the law upon which it was based was repealed. (2) The original right of any taxpayer to credit for state taxes paid was a mere matter of grace and favor on the part of the State, and existed, and could only exist, at the will of the General Assembly. Haizlip v. Haizlip, 240 Mo. 396; Cooley on Constitutional Limitations (7 Ed.), pp. 547, 396; 12 C. J. 969; 37 Cyc. 901-902; Grand Lodge v. New Orleans, 166 U. S. 143; Christ Church v. Philadel-

phia, 65 U. S. 30; Tucker v. Ferguson, 89 U. S. 527; West Railroad v. County, 93 U. S. 595; Newton v. Commrs., 100 U. S. 561; People v. Roper, 35 N. Y. 629; Spurlock v. Burnett, 183 Mo. 532; People v. Board, 84 N. Y. 610. (3) Neither private individuals nor corporations have vested rights in the continued existence of a statute A vested right must be something more than a mere expectation resulting from an anticipated continuance of a present general law. State v. Railroad, 242 Mo. 375; Cooley on Constitutional Limitations (7 Ed.), pp. 402, 511; Balance v. Gordon, 247 Mo. 119; Ferguson v. Gentry, 206 Mo. 202; Bartlett v. Ball, 142 Mo. 28; Venable v. Railway, 112 Mo. 112; State v. Scudder, 32 N. J. L. 206; Town v. Supervisors, 3 Kern, (N. Y.) 148; Commissioners v. Green, 40 Ohio, 318; United States v. Memphis, 97 U. S. 291.

*Joseph W. Folk, Nelson Thomas, Abbott, Fauntleroy, Cullen & Edwards* and *John C. Vaughn* for respondent-relator.

(1) The Income Tax Act of 1917, with Section 32, makes a separate and distinct class of persons who pay both property tax and income tax, the tax exacted from persons in such class being "the extent that their income taxation exceeds their property taxation." Therefore Section 32 is not an exemption from taxation. Laws 1917, pp. 524-538; Ludlow-Saylor Wire Co. v. Wollbrinck, 205 S. W. 200; State ex rel. American Mfg. Co. v. Koeln, 211 S. W. 34; State ex rel. Bolens v. Frear, 148 Wis. 512. (2). The operation of a tax is governed by the *status* of the law at the time the tax accrues and is assessed, rather than by a different law which may afterward come into existence, prior to the time the tax must be paid. 37 Cyc. pp. 1171, 1557-8; Cooley on Taxation (3 Ed.), pp. 499-500; State ex rel. v. Ry. Co., 101 Mo. 120; People v. McWethy, 165 Ill. 222; People ex rel. v. Thatcher, 95 Ill. 109; In re Sloan's Estate, 154 N. Y. 109. (3) Statutes relating to the enforcement of liens and the collection

amounts due as taxes, do not apply to taxes levied before the law goes into effect, though in force at the time of collection of the tax. 2 Page and Jones on Taxation, sec. 1113; People ex rel. v. Thatcher, 95 Ill. 109; Murphy v. People, 120 Ill. 234; Merriam v. People, 160 Ill. 555; Auditor General v. Judge, 58 Mich. 345; Shaw v. Morley, 89 Mich. 313; Pierpont v. Osmun, 118 Mich. 472. (4) The income tax upon 1918 incomes and the property tax upon 1918 assessments were both, at the time the repeal of Section 32 of the 1917 Income Tax Act took effect, fully accrued, assessed and levied only the collection thereof remaining to be performed); therefore the repeol of Section 32 affects only taxes subsequently levied. State ex rel. v. Koeln, 211 S. W. 32; Authorities above cited; Black on Income, p. 528. (5) Under Secs. 8060 and 8062, R. S. 1909, the repeal of Section 32 of the 1917 Income Tax Act, after proceedings had begun for the levy, assessment and collection of taxes on property and incomes for 1918, cannot affect the result of such proceedings, nor affect the rights of relator to deduction of his property taxes from the amount of his income taxes, as said rights were fixed by law at the beginning of said proceedings. State ex rel. Shaw v. Baker, 32 Mo. App. 98; State ex rel. Wayne County v. Hackmann, 199 S. W. 990.

BLAIR, P. J.—Section 32 of the Income Tax Law as passed in 1917 (Laws 1917, p. 538) reads as follows:

"Any person, corporation, joint-stock company, association or insurance company who shall have paid a tax assessed upon his real or personal property to the State during any year shall be permitted to exhibit the receipt or receipts thereof to the assessor to the full amount in the payment of income taxes assessed against such person, corporation, joint-stock company, association or insurance company during said year."'

Prior to March 1, 1919, respondent duly made return of its income for the year 1918, and a tax thereon of $1138.94 was assessed as income tax for that year. By the Act of May 26, 1919 (Laws 1919, pp. 721, 722), effec-

tive on that date, the Legislature repealed Section 32 of the Income Tax Law of 1917.

It is alleged that thereafter, during 1919, respondent paid to appellant property taxes aggregating $1024.38 and received receipts therefor. Subsequently and on December 17, 1919, respondent exhibited these receipts to appellant and therewith tendered $114.91 and demanded that the amount of the property-tax receipts be credited on the income tax bill of $1138.94, and the property-tax receipts and money tendered be accepted in full discharge thereof, and a receipt in full for the income tax be issued and delivered to respondent. Appellant refused to comply with this demand, and the present proceeding was begun to coerce compliance. From an adverse judgment the collector appeals.

Appellant contends that respondent had no right to the demanded credit, because the section which gave that right had been repealed prior to respondent's payment of its property taxes and demand of credit therefor. The gist of respondent's contention is that a right to the credit had vested prior to the repeal of Section 32 of the Act of 1917 and that repeal could not destroy or affect such vested right.

In the Act of May 6, 1919 (Laws 1919, p. 718, et seq.), which took effect in August, 1919, the Legislature specifically applies the increased tax and reduced exemptions to incomes for the year 1919 and thereafter. No such limitation appears in the Act of May 26, 1919, which repealed Section 32 of the Act of 1917, but an emergency clause was appended which purports to put the repeal in immediate effect for the reason that Section 32 "is confusing and misleading, and in practical results destructive of the end sought by said act," which is said to create "an emergency within the meaning of the Constitution." This gives some hint of what the Legislature had in mind, but does not reach the question whether respondent had acquired a vested right to deduct its property taxes, paid in 1919, from its income

tax for 1918, payable in the fall of 1919, which was beyond the reach of legislative action.

Appellant agrees with respondent that the Legislature cannot destroy a vested right. He contends that respondent had required no vested right to the claimed deduction prior to the repeal of Section 32. In State ex rel. v. Koeln, 211 S. W. p. 31. et seq., it was held that the property taxes deductible under Section 32 were those which became due and payable in the same year in which the income tax from which they were deductible became due and payable. Respondent's income tax for 1918 was assessed prior to March 1, 1919. The assessment was then complete, and the mode and amount of that assessment was exactly the same as if respondent had owned no property subject to assessment and taxation on June 1, 1918. At the time respondent's income tax was assessed on income for 1918 (March 1919) respondent, so far as it alleges, had paid no property taxes which were deductible under Section 32, and, of course, had neither received nor presented any receipts therefor. The time therefor had not arrived, under the decision in State ex rel. Koeln, supra. The same thing was true at the time Section 32 was repealed, May 26, 1919. What, then, was the right or privilege which had accrued to respondent on May 26, 1919, which is said to be beyond the reach of legislative interference? The Income Tax had been assessed for 1918 but would not become due until the fall of 1919; and unless respondent paid property taxes in the fall of 1919 and presented receipts therefor to the collector (State ex rel v. Koeln, supra), payment for the full amount of the income tax could have been compelled even had Section 32 not been repealed. The *right* to a deduction of property taxes had not accrued either when the income tax was assessed or when Section 32 was repealed. It could never have accrued under Section 32 until after (1) payment of property taxes, and (2) presentation of receipts therefor. The power of the State to impose the income tax without this privilege of reduction under Section 32 is

not questioned. No greater income tax was assessed than would have been assessed had the Act of 1917 not contained Section 32 at all. The assessment was not reduced or affected by that section. Its provisions related to the time of payment and authorized certain deductions at the time of collection upon conditions with which the taxpayer might or might not comply, as he saw fit. The class entitled to these reductions could not come into actual existence until there was a compliance, by the taxpayers, with the conditions of Section 32. Until that time there was merely a privilege available upon conditions stated. This was all respondent had when Section 32 was repealed—i. e. an "expectation based upon the continuance of" Section 32, and this was not a vested right. [State v. Railroad, 242 Mo. 1. c. 375.]

There is nothing in Ludlow-Saylor Wire Co. v. Wollbrinck, 275 Mo. 339, which indicates a contrary view. So far as that decision discusses Section 32 it was dealing with the question of the constitutionality of the section. It viewed the "class" created by that section as it would exist *after* income taxpayers had paid property taxes and demanded and received credit therefor on their income taxes. The question discussed was whether this was permissible under the Constitution. The court did not then decide or attempt to decide the question determined in State ex rel. v. Koeln, supra, or the question whether the class referred to came into existence at one time or another. The concurring opinion of the learned writer of the Ludlow-Saylor decision, which he filed in the Koeln case,, fully justifies this view, as does the nature of the question discussed in the Ludlow-Saylor case. Neither are the Wisconsin decisions in point. Under the income tax law of that State the time of payment has nothing to do with the accrual of the right to the deduction of property taxes from income taxes. It appears that in that State the right of deduction accrues before the income taxes are assessed. [Van Dyke v. Milwaukee, 159 Wis. 460.] Had the right so accrued in this case, the Wisconsin decisions would be

applicable and respondent's position sound. As already pointed out, such is not our law.

The briefs are in agreement upon practically every question except that which we have discussed. We hold that respondent had no vested right at the time of the repeal of Section 32 which prevents giving effect to that repeal in this case.

The judgment is reversed. All concur, except *Woodson, J.*, absent.