13364

OWENS v. STATE HIGHWAY DEPT.

(163 S. E., 473)

*Messrs. R. C. Holman, W. C. Wolfe,* and *Brown & Bush,* for respondent.

March 9, 1932.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The plaintiff brought his action in December, 1927, to recover damages for personal injuries which he alleges he sustained November 26, 1927, through a collision of plaintiff's automobile with a motor vehicle in charge of the State Highway Department.

Defendant demurred to the complaint, which demurrer was overruled. Thereupon defendant answered. Before the trial of the case, the Act of 1928 (35 St. at Large, p. 2055), which regulates the bringing of actions against the Highway Department for injuries and damages arising from defects in highways and/or from the negligent handling of motor vehicles while actually engaged in repairs or construction of a highway, was passed. Whereupon defendant served a supplemental answer, and also demurred to the jurisdiction of the Court. At the call of the case for trial, defendant argued its demurrer, and, when it was overruled, went to trial, but preserved in the record its objections to the jurisdiction of the Court. The jury was instructed that the plaintiff was limited to a recovery not exceeding $4,000.00. There were three mistrials; on the fourth trial plaintiff was given a verdict of $2,000.00. A motion for new trial was made and refused. This appeal followed.

It is necessary to set out the pleadings at some length.

The complaint alleges that defendant is a department of the government of the state, and has charge of certain public highways therein; that authority to sue it is given by the act of the General Assembly known as the Act of 1925, and Acts amendatory thereof; that on the 26th day of November, 1927, plaintiff was traveling in his automobile on public highway No. 3 in Barnwell County when, in consequence of a defect in the highway, and of the mismanagement of a truck, tractor, or other instrumentality under the control or supervision of defendant, there was a collision between plaintiff's car and defendant's truck, or tractor, by which plaintiff suffered serious and grievous personal injuries, including a fracture of the skull; that he suffered

great pain and anguish, and was put to heavy expense and loss of time, that the collision was due to the willful, wanton, reckless, careless, and negligent acts of the defendant, in the particulars set out; that plaintiff did not bring about his injuries, nor by his own act did he negligently contribute thereto.

To this complaint the defendant demurred; because that defendant was an agency of the State government, and this is a suit against the State in its sovereign capacity, which cannot be maintained without express authority, and there is no valid legislative authority to maintain the action set out in the complaint, hence the Court is without jurisdiction to hear and determine it; that the statutory law does not create any actionable liability for the acts and conduct set out in the complaint; that it appears upon the face of the complaint that the alleged injury was not due to the negligence of the defendant, but to the combined negligence of plaintiff and the employees of defendant, for which defendant is not liable; that it appears on the face of the complaint that the action is based on negligence, willfulness, and wantonness for which defendant is not liable.

The demurrer was overruled by Judge Shipp in a short order which does not give the grounds upon which it is based.

Defendant answered, setting up a general denial; that the accident and injuries were not due to any defect in the highway, nor to any negligence or mismanagement of any motor vehicle or tractor under the control or supervision of the defendant, but wholly to the negligence, carelessness, and recklessness of the plaintiff.

Before the case came to trial the Act of 1928, regulating the conditions upon which the highway department may be sued, was passed. Defendant filed a supplemental answer, setting up its same defenses and the additional defense that the Act or Acts under which the action was brought were repealed by the Act of March 10, 1928; which Act required

that, as a condition precedent to the bringing of such action, a claim must be filed with the highway department, and no such claim had been filed; that the Act of 1928 provided that no suit shall be brought for personal injuries in an amount exceeding $4,000.00, and for property damages in an amount exceeding $1,500.00, whereas this action is for $50,000.00.

Defendant demurred on the same grounds; the demurrer was overruled by Judge Grimball, but the order overruling it does not appear in the record, nor are the grounds therefor stated. There was a verdict for plaintiff. Motions for directed verdict and new trial for defendant were made upon substantially the issues included in the pleadings, and the alleged failure and insufficiency of evidence. Both the motions were overruled, and defendant appeals.

The exceptions recapitulate the questions made in the answers and demurrers, and ask reversal for the refusal to direct verdict for defendant on the evidence. It is not necessary to consider those in detail.

The cardinal question in the case is this: The action was based upon a claim for damages for personal injuries which it is alleged were sustained in November, 1927, and the action was begun in December, 1927. It is conceded that no claim was filed with the highway department; the action is for $50,000.00, actual and punitive damages. The Act of 1928 was subsequently passed. Can this action, in this form, be maintained? Did the Act of 1928 repeal the Act of 1925? If it did, in what state were claims for injuries arising before its passage, and actions begun, left?

The Act of March 10, 1928, No. 1055, 35 Statutes at Large, p. 2055, is an Act to permit the State Highway Department to be sued and naming the conditions upon which suit may be brought. It provides that: "Any person, firm or corporation who may suffer injury to his or her person or damage to his, her or its property by reason of a defect in any State Highway, or by reason of the negligent repair of any State Highway, or by reason of the negligent

operation of any vehicle or motor vehicle in charge of the State Highway Department while said vehicle or motor vehicle is actually engaged in the construction or repair of any of the said highways, may bring suit against the State Highway Department for the actual amount of said injury or damage not to exceed in case of property damaged the sum of fifteen hundred·dollars, and in case of personal injury or death, not to exceed the sum of Four Thousand ($4,000.00) Dollars: Provided, That the State Highway Department is hereby authorized and empowered to settle or compromise any claim in an amount not exceeding Three Hundred ($300.00) Dollars."

Section 2 of the Act provides that the person, firm, or corporation bringing the action must allege and prove that he, she, or it did not bring about the injury by his, her, or its own negligence, nor negligently contribute thereto.

Section 3 provides that a claim must be filed with the highway department within ninety days after the alleged injury, gaving the date, place of injury, and amount claimed. This must be sworn to. Suit, if any, must be commenced within six months from date of injury. It is provided that the time limits for giving notice and commencing suit shall not apply in cases of injury or damages already sustained, or claims already filed with the highway department, which may be compromised or settled under the provisions of Section 1.

This Act has been fully considered and has been several times construed by this Court. Practically every question made in this appeal, dependent upon the provisions of this Act, has been determined in the several cases in which the Court had the Act· under review.

In the case of *Fann v. State Highway Department,* 155 S. C., 219, 152 S. E., 429, 430, the action was begun November 7, 1927. From a verdict for plaintiff, defendant appealed.

This Court said:

"The suit, one against a department of the State government, was, of course, actually a suit against the State. The action could not be maintained, therefore, except by the *express consent* of the State; and that consent had to be given by legislative authority. It is evident that the plaintiff sought to bring and maintain the action under the authority of Act No. 189 of the General Assembly of the year 1925, entitled, 'An Act to Amend Section 2948 of the Civil Code of Laws, Volume 3, Relating to Damages From Defective Highways, so as to Further Provide [etc.].' The amendatory Act was approved April 14, 1925."

"Between the date of the commencement of the action and the day of the trial, the Act of 1925, *supra,* was superseded and repealed by Act No. 1055 of the year 1928, approved March 10th of that year." (It has been hereinabove quoted.)

Continuing from the same case: "The cause of action as stated accrued while the Act of 1925 was in force, and before the passage of the Act of 1928. It being entirely a statutory cause of action, and the Act of 1928 having replaced the Act of 1925, the plaintiff is obliged to proceed under the Act of 1928, which provided a remedy purely statutory, and was necessarily exclusive."

In the case of *U. S. Casualty Co. v. State Highway Department,* 155 S. C., 77, 151 S. E., 887, 889, this is said: "Though the injury to the property, alleged to have been sustained, occurred while the Act of 1925, *supra,* was of force, it is clear to us, under the authorities, that the respondent, if it had any right to recover at all, could only proceed under the Act of 1928, *supra,* as the enactment superseded the Act of 1925, and became effective prior to the commencement of this suit. The Act of 1928 contains a provision that 'All Acts or parts of Acts inconsistent with this Act are hereby repealed.' "

From the same case this is taken: *"The consent of a state to be sued, being voluntary, may be withdrawn or modified by the state whenever it sees fit, even though pending suits may be thereby defeated,* and upon the repeal of the statute

authorizing the suit, the Court in which the suit is pending can proceed no further therein"—Citing 36 Cyc., 915; *Cope v. Hampton County,* 42 S. C., 17, 19 S. E., 1018 (Italics added).

We find in the case of *Bynum v. State Highway Department,* 156 S. C., 232, 153 S. E., 165, 167, the following: "But a further study of the Acts convinces us that it was the intention of the Legislature to repeal *in toto* the Act of 1925 and to replace it with the Act of 1928. * * * We cannot escape the conclusion that it was the purpose of the Legislature to make its last enactment, that of 1928, the only law on the subject."

These citations make it manifest beyond a question of doubt that the action in this case cannot be mantained because it is not brought under the Act of 1928, which has superseded and replaced the Act of April 14, 1925 (34 St. at Large, p. 287). For these reasons both of the demurrers which challenge the jurisdiction of the Court on these grounds should have been sustained.

The grounds of the demurrers which challenge the right to maintain the action for the reason that it appears on the face of the complaint that no claim was filed with the highway department, as is required by Section 3 of the Act of 1928, were well founded. It is conceded that no claim was so filed. The Court said in *U. S. Casualty Co. v. State Highway Department, supra:* "The complaint in this case did not show that the claim required by the statute was filed with the State Highway Department, as required by the Act from which we have quoted, and, for that reason, the third ground of the demurrer should have been sustained."

From the case of *Fann v. State Highway Department, supra,* we take this: "The plaintiff, after the passage of the Act of 1928, should have filed his claim with the highway department, and then applied for leave to file a supplemental complaint setting forth the fact that a claim had been so

filed. This not having been done, the plaintiff was without a cause of action, as stated in his complaint."

In *Bynum v. State Highway Department, supra,* we find this: "The demurrer should have been sustained also upon the ground that the complaint did not allege the filing of a claim, with date, place of injury, etc., as required by the Act of 1928."

The following is taken from the syllabus in *Ouzts v. State Highway Department,* 161 S. C., 21, 159 S. E., 457: "Complaint against highway department for injuries caused by motor vehicle must show claim was filed before suit."

From the case of *Ancrum v. State Highway Department* (S. C.), 161 S. E., 98, 99, we take the following excerpt: "This Court has held that an action against the State Highway Department is an action against the State; that the Act of 1928 (35 Stat. p. 2055), being in derogation of the sovereign power of the State, must be strictly construed; that one seeking to avail himself of the consent of the state to be sued must fully comply with the prescribed terms and conditions of the statute; and that the filing of a claim as required by the Act is an essential prerequisite to a right of action."

These rulings of our Court make it necessary that we sustain the exceptions relating to the failure of the complaint to show that the plaintiff filed the claim required by the statute.

We have not considered the exceptions which question the action of the Circuit Judge in refusing the motions for directed verdict and new trial which are based on the insufficiency of, and lack of, the evidence. In the disposition which we shall make of the case it would be improper to do so.

Counsel for respondent argues that by answering the complaint the defendant has waived the application of the Act of 1928. The authorities quoted hereinabove show that the Act is in derogation of the sovereignty of the State, and must be strictly construed and complied

with; that the action is against the State. Counsel could not waive the application of the statute and thereby confer jurisdiction under an Act which had been repealed. Moreover, counsel for defendant in answering expressly reserved the questions they had made challenging the jurisdiction of the Court and the right of plaintiff to maintain the action for failure to comply with the statute.

Section 3 of the Act of 1928 provides: "That the time limits imposed by this Section for giving notice and commencing suit shall not apply in cases of injuries or damages already sustained or claims already filed with the State Highway Department which may be compromised or settled under the provisions of Section 1 hereof."

In the case of *Fann v. State Highway Department, supra,* the Court said: "We do not think that under the circumstance, the case should be reversed with direction to enter a judgment for the defendant upon the motion of the defendant, but such direction be that it should be reversed, with leave to the plaintiff to file a claim with the highway department, and apply to the Court for leave to file a supplemental complaint setting forth that fact."

In the case of *Bynum v. State Highway Department, supra,* the judgment of the Court was: "The judgment of this Court is that the judgment of the Circuit Court be reversed, and the case remanded to that Court, with leave to the plaintiff, if he be so advised, to file a claim with the highway department and apply to the Court for leave to file a supplemental complaint alleging that fact and such additional facts as will state a cause of action under the Act of 1928."

The facts in the present case are in close analogy with those in the cases above cited, and hence the principle applied in the disposition of those cases is peculiarly proper to be applied here.

It is the judgment of this Court that the judgment of the Court below be reversed, that the case be remanded to that Court, and that plaintiff have leave, if he be so advised, to

file his verified claim with the State Highway Department, and that he have leave to apply to that Court for permission to file a supplemental complaint in conformity with the conditions of the Act of 1928, regulating the bringing of suits against the State Highway Department.

MR. CHIEF JUSTICE BLEASE, and MESSRS. JUSTICES STABLER and CARTER concur.