BOWERS, agent, *v.* KELLER.

No. 12129.   FEBRUARY 16, 1938.

436

*Claude R. Caldwell* and *J. Paul Stephens,* for plaintiff.
*A. R. Williamson,* for defendant.

RUSSELL, Chief Justice. In Metzger Motor-Car Co. *v.* Parrott, 233 U. S. 36 (34 Sup. Ct. 575, 58 L. ed. 837), it was held: "Where, since the judgment of the United States District Court was obtained, the highest court of the State has declared the State statute on which the case was brought to be unconstitutional under the State constitution, and there is no right to recover in the absence of statute, it is the obvious duty of this court to reverse the judgment. . . The highest court of Michigan having, since the judgment herein was rendered below, held the provisions of the Vehicle Law of that State on which this action was based void under the State constitution, this court must regard such law as nonexistent and reverse the judgment which was based solely thereon." It is stated in 3 American Jurisprudence, 668, § 1157: "There is some conflict of opinion as to whether a case should be determined according to the law in effect when the judgment was rendered in the lower court, or according to the law in effect at the time the cause is disposed of in the reviewing court, but both reason and the weight of authority point to the view that the case must be determined in the light of the law as it exists at the time of the decision by the appellate court, where the statute changing the law is intended to be retroactive and apply to pending legislation, or is retroactive in effect; and this is true though it may result in the reversal of a judgment which was correct at the time it was rendered by the trial court." In *Western Union Telegraph Co.* v. *Smith,* 96 *Ga.* 569 (23 S. E. 899), this court said: "The plaintiff below obtained a verdict and judgment against the defendant under the acts imposing penalties upon telegraph companies. The latter moved for a new trial, and the motion was overruled, December 11, 1894. On the 17th of that month these acts were repealed generally, and on the 24th of that month a bill of exceptions assigning error in the overruling of the motion for a new trial was sued out by the defendant. *Held,* that the judgment of the court below must be set aside, because at the time the repealing act was passed the defendant still had a pending legal right of exception, and therefore the judgment below was not absolutely final nor the litigation between the parties necessarily at an end. Accordingly, the plaintiff was not, when the repealing act was passed, absolutely entitled to an enforcement of his judgment, and the case must be dealt with in this court as one which was pending

when the repeal took place." In *Western Union Telegraph Co.* v. *Lumpkin,* 99 *Ga.* 647 (26 S. E. 74), the same rule was stated in this language: "Until final judgment upon a pending action, the repeal of a statute which gives the cause of action upon which the suit is predicated destroys the right, and the action ipso facto abates. As long as the defendant has a right of exception to any judgment which may have been rendered in such an action, such judgment is not final, and the repeal of the statute deprives the courts of any further jurisdiction of the case." It is said, in 2 Cooley's Const. Lim. 790, that "If a case is appealed, and pending the appeal the law is changed, the appellate court must dispose of the case under the law in force when its decision is rendered." It is stated in Robinson *v.* Robins Dry Dock & Repair Co., 238 N. Y. 271 (144 N. E. 579, 36 A. L. R. 1310): "Both reason and the weight of authority seem to point to the view that, where a statute which is clearly intended to be retroactive and to apply to pending litigation is enacted after judgment and pending appeal, the appellate court may dispose of the case in accordance with the law as changed by the statute." This court, in *Bullard* v. *Holman,* 184 *Ga.* 788 (193 S. E. 586), held the provision of the act of 1937 which is quoted in the question of the Court of Appeals to be a remedial statute, and that though retrospective in its action it was not within the inhibition of art. 1, sec. 3, par. 2 of the constitution of 1877. The section of the act quoted is applicable to any "suit or action heretofore or hereafter instituted," and under the decisions of this court in the *Smith* and *Lumpkin* cases, supra, the case as stated in the question of the Court of Appeals is still "pending." We therefore conclude that the Court of Appeals should decide the case in accordance with the provisions of the act of 1937 (Ga. L. 1937, p. 804, 806), reversing the judgment, not because the judge erred at the time of its rendition, but because it has subsequently become erroneous by operation of this statute.                                        *All the Justices concur.*