26524. WALKER *v.* ABBOT *et al.*

DECIDED FEBRUARY 24, 1938.

*Casey Thigpen,* for plaintiff in error.

*J. Roy McCracken, Phillips & Abbot,* contra.

STEPHENS, P. J. 1. As provided by an act approved March 29, 1937 (Ga. L. 1937, p. 804, § 5), no contract entered into by any person, firm, or corporation, is illegal on the ground that it was entered into in a trade or partnership name not filed or registered in accordance with the laws in force at the time of the making of the contract "but all such contracts and undertakings are expressly validated as against any such objection; and no suit or action heretofore or hereafter instituted by any such person, firm, partnership, or corporation, whether sounding in contract or tort, shall be defeated because of any such failure to register." This act

applies to any contract made before its enactment by any person or partnership conducting or transacting a business in this State under an assumed or fictitious or trade-name, other than the real name or names of the individual or individuals conducting or transacting such business without having registered in the office of the clerk of the superior court as required by an act approved August 15, 1929 (Ga. L. 1929, p. 233, Code, § 106-301). *Bowers* v. *Keller,* 185 *Ga.* 435 (195 S. E. 447). Whether or not any person or partnership conducting a business under the name of "Abbot and Means;" is in so doing conducting a business under an assumed, fictitious, or trade-name, a contract entered into by them in the year 1936 in this State, although before the enactment of the act of 1937, is not invalid or illegal on the ground that such firm or partnership had failed to register in the office of the clerk of the superior court as required by the act of 1929. In a suit afterwards brought by "Abbot and Means," as a partnership composed of W. W. Abbot Jr. and S. O. Means, to recover on a note executed March 10, 1936, to "Abbot and Means" as the payee, where the suit was brought to the April term 1937 of the city court of Louisville, a plea filed by the defendant at that term of court, which was after the enactment of the act of 1937, supra, setting up the invalidity of the contract on the ground that the plaintiffs at the time of the execution of the contract were doing business under an assumed, fictitious, or trade-name and had not registered with the clerk of the superior court as required by law, was properly dismissed.

2. The defendant filed no denial of the allegations in the petition, but admitted a prima facie case, and set up the defense indicated in the plea which was stricken. The court, after striking the plea, did not err in directing the verdict for the plaintiff.

*Judgment affirmed. Sutton and Felton, JJ., concur.*