19535. FULTON BAG & COTTON MILLS *v.* WILLIAMS, State Revenue Commissioner.

ARGUED NOVEMBER 15, 1956—DECIDED DECEMBER 5, 1956—REHEARING DENIED DECEMBER 18, 1956.

*James H. Wilson, Jr., Sutherland, Asbill & Brennan,* for plaintiff in error.

*Gambrell, Harlan, Russell, Moye & Richardson, W. Glen Harlan, John Bell Keeble,* for parties at interest, not parties to record.

*Eugene Cook, Attorney-General, William L. Norton, Jr., Ben F. Johnson, Jr., Assistant Attorneys-General,* contra.

ALMAND, Justice. Fulton Bag & Cotton Mills (hereinafter referred to as the taxpayer) filed its petition against T. V. Williams, in his official capacity as State Revenue Commissioner of the State of Georgia (hereinafter referred to as the Revenue Commissioner), seeking to recover the amount of income tax overpaid by it for the fiscal year ending November 30, 1951. The general demurrers of the Revenue Commissioner being sustained, the taxpayer seeks a review of the judgment dismissing

its petition. This court has jurisdiction to review this order, by virtue of the taxpayer's attack on the constitutionality of an act of the General Assembly approved December 18, 1953 (Ga. L. 1953, Nov-Dec. Sess., pp. 316-319).

The petition made the following case: On February 15, 1952, the taxpayer, a Georgia corporation, filed with the Revenue Commissioner its income-tax return for its fiscal year ending November 30, 1951, and paid to the Commissioner the tax of $101,378.81. At that time the taxpayer, in computing its net income, was permitted to deduct Federal income taxes paid or accrued within the taxable year. Ga. L. 1937-38, Ex. Sess., pp. 150-155 (Code, Ann. Supp., § 92-3109 (c)). The act approved February 15, 1952 (Ga. L. 1952, pp. 405-430) amended Code § 92-3109 by adding a new subsection (m). Under this amendment, as amended by the act approved February 27, 1953 (Ga. L. 1953, Jan-Feb. Sess., pp. 279-285), a taxpayer was allowed to deduct from his gross income a net operating loss carry-over or carry-back. On and after the passage of this act and for any succeeding taxable year, the taxpayer was permitted to carry back the net operating loss to the next preceding taxable year and annually thereafter for a total period of five years next succeeding the year of such net operating loss, or until such net operating loss has been exhausted or absorbed by the taxable income of any succeeding year, whichever is earlier. Section 11 of the act of 1952 provided that "the provisions of this Act shall apply to, and be in full force and effect for all taxable years ending on and after the passage of this Act." The act of 1952 made no change in the law which allowed the payment of Federal income taxes as deductions from the gross income.

The taxpayer alleged that, for its fiscal year ending November 30, 1952, it suffered a net operating loss in the amount of $1,009,-587.85. After deducting $1,128,373.52 of Federal income taxes for prior years paid during the fiscal year ending November 30, 1952, and on March 25, 1953, it filed with the Revenue Commissioner its income-tax return for its fiscal year ending November 30, 1952, claiming a deduction of Federal income taxes for its fiscal year ending November 30, 1951, and prior years, which were paid during its fiscal year ending November 30, 1952. No Federal income tax for the fiscal year ending November 30, 1952,

was claimed as a deduction. The taxpayer contended that under the Georgia income-tax law, it was entitled to carry back as a deduction for its fiscal year ending November 30, 1951, its net operating loss for the fiscal year ending November 30, 1952, so that its amount of income tax for 1951 was only $42,769.71, and it was entitled to a refund of the amount stated in its petition. It was alleged that, while its claim for refund was pending before the Revenue Commissioner, the legislature passed an act approved December 18, 1953 (Ga. L. 1953, Nov-Dec. Sess., pp. 316-319). This act struck subparagraphs 2 and 3 (B) of subsection (m) of Code § 92-3109, and added a new paragraph 3 (F), which provided: "Effective for all taxable years ending on or after February 15, 1952, no income taxes shall be allowed as a deduction in computing a net operating loss." The Revenue Commissioner denied the petition of the taxpayer for a refund, maintaining that the act of December 18, 1953, supra, prohibited deduction of Federal income taxes in the computation of net operating loss.

The taxpayer contends that, prior to the act of December 18, 1953, it had an absolute vested right under the then-existing income-tax laws of Georgia to a refund; and that the 1953 amendment is void and unconstitutional as violative of art. 1, sec. 3, par. 2 of the Constitution of Georgia, which forbids the passage of retroactive laws, in that the act retroactively deprives the taxpayer of its vested right, in computing net operating loss in 1952, to include the payment of Federal income taxes.

The controlling and decisive question is whether or not the taxpayer, by reason of the carry-back provision of the acts of 1952 (Ga. L. 1952, pp. 405-430, and Ga. L. 1953, Jan-Feb. Sess., pp. 278-285), amending subsection (m) of Code (Ann. Supp.) § 92-3109, became vested with the right to reopen its tax liability for the year 1951 and carry back and deduct, against the tax paid for 1951, a loss computed on its 1952 income, by deducting Federal income taxes paid in 1952, so as to render the act of December 18, 1953, forbidding retroactively to February 15, 1952, a deduction of Federal income taxes paid in computing its net operating loss, violative of the constitutional provision against the enactment of retroactive laws.

A person has no vested right in statutory privileges or ex-

emptions. Brearley School, Ltd. *v.* Ward, 201 N. Y. 358 (94 N. E. 1001). This court in *Harris* v. *Glenn,* 56 *Ga.* 94, said: "An exemption which exists by statute may be reduced or withdrawn by statute; . . . Exemption is but a statutory or constitutional shield, which being removed, the exposure to process is the same as if it had never been interposed; 13 Wis., 238; Cooley on Con. Lim., 383; 33 Georgia Reports, Supplement, 38. So long as the law exists by which exemption is granted and secured, the right to enjoy the exemption exists and should have the same protection from judicial tribunals that is accorded any other right. But when the law is gone the right is gone." Pp. 96, 97.

■ The State in taxing incomes is not required by any provision of the State Constitution to provide for or authorize deductions, from taxable income, of Federal taxes paid. Gorham Mfg. Co. *v.* Travis, 274 Fed. 975, affirmed 266 U. S. 265 (45 Sup. Ct. 80, 69 L. ed. 279); Fesler *v.* Commissioner of Internal Revenue, 38 Fed. 2d 155; Cook *v.* Walters Dry Goods Co., 212 Ark. 485 (206 S. W. 2d 742). Such allowance of deduction of Federal income taxes paid is not a right, but a privilege accorded to the taxpayer as a matter of legislative grace. United States *v.* Hudson, 299 U. S. 498 (57 Sup. Ct. 309, 81 L. ed. 370); New Colonial Ice Co. *v.* Helvering, 292 U. S. 435 (54 Sup. Ct. 788, 78 L. ed. 1348); White *v.* United States, 305 U. S. 281 (59 Sup. Ct. 179, 83 L. ed. 172); Manhattan General Equipment Co. *v.* Commissioner of Internal Revenue, 76 Fed. 2d 892, affirmed 297 U. S. 129 (56 Sup. Ct. 397, 80 L. ed. 528); Palmer *v.* State Commission of Revenue and Taxation, 156 Kan. 690 (135 Pac. 2d 899). The legislature, in allowing deductions in the computation of taxes to be paid, confers no vested rights. Helvering *v.* U. S. Trust Co., 111 Fed. 2d 576 (3), certiorari denied 311 U. S. 678 (61 Sup. Ct. 45, 85 L. ed. 437); State ex rel. Meyer Bros. Drug Co. *v.* Koeln, 282 Mo. 438 (222 S. W. 389). In the recent case of Dayton Rubber Co. *v.* Shaw, Commissioner of Revenue, 244 N. C. 170 (92 S. E. 2d 799), the Supreme Court of North Carolina held that its legislature was under no constitutional or other legal compulsion to allow any carry-over to be deducted from taxable income in a future year, and such carry-over provisions in its law were enacted purely as a matter of grace, conferring gratuitously a benefit. The act of February 15, 1952, supra, which

allowed the taxpayer to include the payment of Federal income taxes, in computing its net operating loss for the fiscal year for carry-back purposes, did not create a vested right in the taxpayer so as to prevent the legislature in December, 1953, from amending the 1952 act by making it inapplicable for all taxable years ending on or after February 15, 1952.

■ Until final judgment upon a pending action, the repeal of the statute which gives the cause of action, or upon which the suit is predicated, destroys the right of action, and the action itself abates. *Western Union Telegraph Co.* v. *Lumpkin,* 99 *Ga.* 647 (26 S. E. 74); *Bowers* v. *Keller,* 185 *Ga.* 435 (195 S. E. 447); *Fulton County* v. *Spratlin,* 210 *Ga.* 447 (80 S. E. 2d 780). The fact that the taxpayer had filed his petition for refund and the same was pending at the time of the passage of the act of December 18, 1953, denying to the taxpayer the privilege of deducting Federal income taxes paid in computing net operating loss for carry-back purposes for any taxable year ending subsequently to February 15, 1952, did not create any vested right, since the Revenue Commissioner was required to apply the law existing at the time he passed upon the application for refund. It has been held that the State, in authorizing the refund of taxes legally collected, may provide the conditions under which the refund may be made, and may repeal a statute authorizing such refund, taking away the right of the taxpayer's claim to a refund and the authority of public officers to make the same, and by such action terminate all pending actions. People ex rel. Eitel *v.* Lindheimer, 371 Ill. 367 (21 N. E. 2d 318), appeal dismissed 308 U. S. 505 (60 Sup. Ct. 111, 84 L. ed. 432); Sou. Service Co. Limited *v.* Los Angeles County, 15 Cal. 2d 1 (97 Pac. 2d 963), appeal dismissed 310 U. S. 610 (60 Sup. Ct. 979, 84 L. ed. 1388). It was held in these cases that the right to a credit or refund of lawfully collected taxes is purely statutory, and the legislature may withdraw such statutory right or remedy, and the repeal of such statute without a saving clause will terminate all pending actions based thereon, and the reviewing court must dispose of the case under the law in force when its decision is rendered.

■ The right of the taxpayer, in computing its net operating loss in 1952, to carry back for income-tax purposes to the year

788

1951, as a deduction, Federal income taxes paid during 1951, being a privilege or favor granted by the legislature, the act of December 18, 1953, forbidding such deduction for all taxable years on or after February 15, 1952, does not violate art. 1, sec. 3, par. 2 of the Constitution of this State, forbidding the passage of retroactive laws. The right of the taxpayer to recover being dependent solely upon the contention that the act of December 18, 1953, is unconstitutional and void, and it having been held that this act is valid, the trial court correctly held that the petition stated no cause of action, and properly dismissed the same.

*Judgment affirmed. All the Justices concur. Duckworth, C. J., concurs in the judgment, but not in all that is said in the opinion.*