20643. PATRICK HENRY SCHOOLS, INC., *v.* OXFORD,
State Revenue Commissioner.

CANDLER, Justice. Chapter 31 of Title 92 of the Georgia Code of 1933 was amended by an act that the Governor approved on February 3, 1959 (Ga. L. 1959, p. 7), by adding the following provisions: "There shall be allowed as credit against, and deducted from the tax otherwise payable under this chapter by any taxpayer an amount equal to any contribution which such taxpayer shall have paid, during the taxable year on account of which such tax is payable, to any corporation, foundation or trust if, but only if, at the time of payment such corporation, foundation or trust has in full force and effect a certificate from the State Revenue Commissioner certifying . . . that such corporation, foundation or trust is organized and operated exclusively for educational purposes and that no part of the net income of said corporation, foundation or trust inures to the benefit of any private share-

holder or other individual. The issuance of such certificate shall be at the discretion of the State Revenue Commissioner. The existence of such certificate from the State Revenue Commissioner is a condition precedent to the credit allowed by this . . . [amendment] and no such credit shall be allowed unless the corporation, foundation or trust to which such contribution is paid holds such certificate in full force and effect at the time such payment is made . . ." On April 23, 1959, Patrick Henry Schools, Inc., a Georgia corporation, applied in writing to Honorable Dixon Oxford, as State Revenue Commissioner, for the certificate which the aforementioned amendment provides for, attaching to its application a copy of its charter. On June 19, 1959, Oxford, as State Revenue Commissioner, refused to issue the certificate applied for, and so notified the applicant in writing. The applicant then brought mandamus against him in his official capacity as State Revenue Commissioner to compel him to issue the certificate which it had applied for and which he had refused to grant. In substance, its petition for the writ alleges that it is a Georgia corporation organized and operated exclusively for educational purposes; that no part of its net income inures to the benefit of any individual; and that the defendant commissioner grossly abused his discretion in refusing to issue the applied-for certificate. The petition was demurred to on the ground that its allegations were insufficient to state a cause of action for the relief sought, and to a judgment sustaining the demurrer the plaintiff excepted. *Held:* The plaintiff contends that any corporation, foundation, or trust organized and operated exclusively for educational purposes where no part of its net income inures to the benefit of any private shareholder or other individual has a legal right to the certificate which the amendment provides for; that the Revenue Commissioner is required by the provisions of the amendment to grant the certificate to any such corporation, foundation, or trust when it applies therefor; and that a refusal by the Revenue Commissioner to grant the certificate to such corporation, foundation, or trust is a gross abuse of the discretion vested in him by the amendment, and amounts to inaction. We do not think that the amendment should be so construed. Had the legislature intended by the amendment to grant to any corporate or individual income-tax payer a legal right to credit against and deduct from the tax other-

wise payable under our income-tax statute as amended, any contribution which it or he paid to any such corporation, foundation, or trust during any taxable year, it could have done so expressly by the amendment. The amendment, however, allows the taxpayer to credit against and deduct from the tax otherwise payable under our income-tax statute as amended, an amount equal to any contribution it or he has paid during the taxable year to any corporation, foundation, or trust having the character mentioned therein if, *and only if*, such corporation, foundation, or trust holds in full force and effect, at the time such contribution is paid, the certificate from the Revenue Commissioner provided for by the amendment. The right which a taxpayer has to deduct any allowable amount from the tax imposed by our income-tax statute as amended exists only as a matter of legislative grace, conferring gratuitously a benefit; and it is a well-settled principle of law that such a statutory benefit must be accepted by the taxpayer subject to its burdens and conditions however rigid or severe they may seem to be. *Phillips* v. *Head*, 188 *Ga.* 511 (4 S. E. 2d 240); *Fulton Bag & Cotton Mills* v. *Williams*, 212 *Ga.* 783 (95 S. E. 2d 848), and the authorities there cited. Since the right of any taxpayer to credit against or deduct from its or his income-tax liability to the State any contribution it or he paid during the taxable year to any corporation, foundation, or trust of the character mentioned in the amendment was gratuitously granted, it was the province of the legislature to impose any condition precedent it saw fit to the effectiveness of such right, and the amendment expressly declares that such right does not become effective until the certificate provided for therein is issued by the State Revenue Commissioner at his discretion; and since the discretion which the amendment vests in the State Revenue Commissioner is absolute and unlimited, the action which the amendment authorizes him to take on an application for the certificate is in reality the voice of the State; and this being so, he can refuse to grant the certificate for any reason or arbitrarily. From what has been said above, it necessarily follows that the judgment complained of is not erroneous.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 17, 1959—DECIDED OCTOBER 9, 1959.

*Moreton Rolleston, Jr.,* for plaintiff in error.

*Eugene Cook, Attorney-General, Ben F. Johnson, Jr., Robert H. Walling, John M. Bowling, Deputy Assistant Attorneys-General,* contra.