## 53323. GOOLSBY v. REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA et al.

SHULMAN, Judge.

The appellant, a professor at the University of Georgia, brought this suit against "Regents of the University System of Georgia," each of the regents individually, and other administrators of the University of Georgia, seeking an order that the defendants promote him and pay him for such promotion from the date he alleged they wrongfully denied him the promotion. In their joint answer, the defendant moved to dismiss, asserting a lack of jurisdiction over the person of defendant "Regents of the University System of Georgia," based on the doctrine of sovereign immunity. They also moved to dismiss the complaint for failure to state a claim for which relief may be granted. Both motions were granted, from which order this appeal is brought. We affirm the granting of the first motion and reverse the second.

1. Prior to the decision in *Busbee v. University Professors,* 235 Ga. 752 (221 SE2d 437), it was clear that the Board of Regents, as an agency of the state, was immune from suit under the doctrine of sovereign

immunity. *Azizi v. Board of Regents,* 132 Ga. App. 384 (208 SE2d 153), writ of cert. dismissed, 233 Ga. 487 (212 SE2d 627). In the *Busbee* case, however, our Supreme Court found a waiver of sovereign immunity as to the regents in a 1785 Act of the General Assembly, and held the regents amenable to suit. The instant case was filed October 16, 1975, after the *Busbee* decision. Subsequently, the General Assembly passed an Act repealing the 1785 Act on which the holding in *Busbee* was based, and reaffirming the applicability of the doctrine of sovereign immunity to the Board of Regents, Ga. L. 1976, p. 452 (Code Ann. § 32-101.1.) It was on the basis of that statute, effective March 18, 1976, that the trial court granted the motion to dismiss as to the Board of Regents.

The issue presented by appellant's first enumeration of error is whether the reimposition of sovereign immunity of the Board of Regents could oust the court of its jurisdiction over that defendant so as to defeat a pending action. We hold that it could and did.

The Georgia Constitution, 1945, Art. I, Sec. III, Par. II (Code Ann. § 2-302), prohibits the passage of retroactive laws. This constitutional prohibition and the substantially identical provisions of Code Ann. § 102-104 have consistently been construed to forbid the passage of laws which impair vested rights. "The test is whether there was a vested right. If so, no subsequent legislative Act could impair it; but if not, there is no bar to a change or abolition of it at any time before it becomes fixed by a judgment." *Spengler v. Employers &c. Ins. Co.,* 131 Ga. App. 443, 450 (206 SE2d 693).

The question in this case, therefore, is whether appellant had a vested right to sue the Board of Regents by virtue of having had the trial court's jurisdiction attach to that defendant. It is appropriate in that context to examine briefly the nature of sovereign immunity and waivers thereof.

Immunity from suit is a basic attribute of sovereignty. "The sovereignty of the State is supreme, and to maintain that sovereignty the supremacy must also be maintained, and to do that the State must never be subjected to suit without its expressed consent." *Roberts v.*

*Barwick,* 187 Ga. 691, 694 (1) (1 SE2d 713). It is clear from *Roberts v. Barwick,* supra, *Crowder v. Dept. of State Parks,* 228 Ga. 436 (185 SE2d 908), the cases cited in *Crowder,* and all subsequent cases dealing with sovereign immunity that only by the express consent of the state can it be made amenable to suit. Obviously, then, such consent is a matter of legislative grace, the extension of a privilege to which citizens have no right. This view of waivers of sovereign immunity is supported by rulings from other jurisdictions: ". . . inasmuch as the right to sue is purely statutory, the legislature has the power not only to restrict such right but to withhold it, or withdraw it altogether." Morris v. South Carolina State Highway Dept., 264 S. C. 369 (215 SE2d 430). A statutory waiver of sovereign immunity, as a matter of grace could be granted, withdrawn or restricted at the will of the legislature. University of Kentucky v. Guynn, 372 SW2d 414. The U. S. Supreme Court has made clear the nature of a waiver of sovereign immunity: "It is an established principle of jurisprudence in all civilized nations that the sovereign cannot be sued in its own courts . . . without its consent and permission; but it may, if it thinks proper, waive this privilege, and permit itself to be made a defendant in a suit by individuals, or another State. And as this permission is altogether voluntary on the part of the sovereignty, it follows that it may prescribe the terms and conditions on which it consents to be sued, and the manner in which the suit shall be conducted, and may withdraw its consent whenever it may suppose that justice to the public requires it." Beers v. Arkansas, 61 U. S. 527, 529.

A close analogy to the present situation can be seen in *Fulton Bag & Cotton Mills v. Williams,* 212 Ga. 783 (95 SE2d 848). There, an income tax exemption for the amount of federal income tax paid was withdrawn by repeal of the statute providing the exemption. The court emphasized that the exemption was a privilege granted by the legislature and held that "A person has no vested right in statutory privileges or exemptions." *Fulton Bag & Cotton Mills v. Williams,* supra, p. 785. Since the exemption, a statutory privilege, was not a vested right, the court went on to hold that "Until final judgment upon

a pending action, the repeal of the statute which gives the cause of action, or upon which the suit is predicated, destroys the right of action, and the action itself abates." Id., p. 787.

Because the consent to sue the state in the instant case was, as was the tax exemption in *Fulton Bag,* a statutory grant of privilege, we hold that it created no vested right and the repeal of it withdrew from the trial court the authority to proceed. This, too, is supported by the decisions of other jurisdictions. In Owens v. State Highway Dept., 165 S.C. 180 (163 SE 473), a case in which consent to sue the state was withdrawn after the suit was filed, the Supreme Court of South Carolina held: " *'The consent of a state to be sued,* being voluntary, may be withdrawn or *modified by the state whenever it sees fit, even though pending suits may be thereby defeated,* and upon the repeal of the statute authorizing the suit, the Court in which the suit is pending can proceed no further therein'..." Texas has reached the same conclusion: "... 'a state's consent to be sued is not a contract, and it can be repealed or modified at any time at the discretion of the state, even though pending suits are thereby defeated; and when the consent is withdrawn, the jurisdiction of the court in which the case is pending is at an end and the suit falls to the ground.' " Producers' & Refiners' Corp. of Texas v. Heath, 81 SW2d 533. See Oliver American Trading Co. v. Government of the U. S. of Mexico, 5 F2d 659 (2d Cir., 1924); Railroad Co. v. Alabama, 101 U. S. 832.

2. Appellant contends that the reimposition of sovereign immunity here denies him due process of law and violates the constitutional proscription against ex post facto laws. As to the latter contention, it is sufficient to point out that "The term ex post facto refers to criminal statutes." *Williams v. State,* 213 Ga. 221, 222 (98 SE2d 373). This is not a case involving a criminal statute.

3. The due process argument is equally unavailing. The U. S. Constitution forbids a state to "deprive any person of life, liberty, or property, without due process of law." U. S. Const., 14th Amend., Code § 1-815. There being no allegations here of a deprivation of life or liberty, appellant must make reference to a deprivation of

property. But, the only thing of which appellant has been deprived is the right to sue the state. That right, as we have held herein, not being a vested right, cannot be property of the appellant. There has been, therefore, no deprivation of due process.

4. In appellant's second and third enumerations of error, he asserts that even if sovereign immunity attached to the Board of Regents immediately upon the repeal of the 1785 Act, as we have held it did, the doctrine cannot be applied here because the appellant's claims are bottomed on guarantees of the Constitutions of Georgia and the United States. That the enumerations are without merit is clear from the holding in Palmer v. Ohio, 248 U. S. 32: "The right of individuals to sue a State . . . cannot be derived from the Constitution or laws of the United States. It can come only from the consent of the State." The doctrine of sovereign immunity is not a bar to the enforcement of constitutional rights; it merely operates to withhold from the courts jurisdiction over the person of the state, without regard for the basis of the suit.

5. Having established in the foregoing divisions of this opinion that the trial court did not commit error in dismissing the suit as to the Board of Regents, we must turn to a consideration of the correctness of granting the motion to dismiss the complaint for failure to state a claim for which relief may be granted.

First, appellant complains that the trial court approached the motion to dismiss as if the claims were before the court on their merits, as they would be in a motion for summary judgment. He is correct; so was the trial judge. A motion to dismiss under Section 12(b)(6) of the Civil Practice Act (Code Ann. § 81A-112) "goes solely to the merits." *Williamson v. Perret's Farms,* 128 Ga. App. 687 (197 SE2d 754). So, although the enumeration of error raising this issue is factually correct, it is legally without merit.

6. The appellant has also enumerated as error the trial judge's holding that in a claim based on a violation of the constitutional guarantee of free speech there must be "some sort of judicially cognizable injury — such as the loss of some existing 'property' or 'liberty' interest." That holding is erroneous.

The First Amendment to the U. S. Constitution, by means of the Fourteenth Amendment, forbids the states to impose sanctions on the exercise of the right of free speech. It is the right to speak out which is protected, not a property interest. The U. S. Supreme Court has clearly indicated that the lack of a property interest is immaterial to a free speech claim. Perry v. Sindermann, 408 U. S. 593. At least one Federal District Court has held that a denial of a pay raise could be constitutionally defective if based on the manner in which a teacher has exercised his right of free speech. Jervey v. Martin, 336 FSupp. 1350 (W. D. Va., 1972). We believe the reasoning behind that opinion is correct. For a state to withhold an expected promotion or pay raise as a sanction for the exercise of the right to free speech is a restriction of that right in violation of the First and Fourteenth Amendments to the U. S. Constitution. The appellant here has alleged just such a sanction in his complaint and is entitled to an evidentiary hearing to establish the validity of the claim.

7. When the sufficiency of the complaint is questioned by a motion to dismiss for failure to state a claim for which relief may be granted, the complaint must be construed in the light most favorable to the plaintiff with all doubts resolved in his favor. Not unless the allegations of the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts should the complaint be dismissed. *Tri-City Sanitation v. Action Sanitation Service,* 227 Ga. 489 (181 SE2d 377). Here, plaintiff has alleged that his request for promotion was denied because he spoke out on controversial issues. Since we have held that denial of a promotion, if intended as a punishment for the exercise of a teacher's right of free speech, is constitutionally impermissible, and there is nothing in the complaint which negatives the plaintiff's ability to prove his allegations, that portion of the complaint based on a free speech claim is not subject to a motion to dismiss for failure to state a claim.

8. "Where a motion to dismiss is addressed to an entire pleading . . . the motions are properly overruled where a portion of the matter thus attacked is not subject to the objection urged." *Ace-Hi Electric, Inc. v. Steinberg,*

133 Ga. App. 917, 919 (213 SE2d 71); *Dillingham v. Doctors Clinic, P. A.,* 138 Ga. App. 41 (225 SE2d 500). Because, as we have held, one of the claims in the complaint in this case was not subject to a motion to dismiss for failure to state a claim, it was error for the trial judge to grant the motion which was directed to the complaint as a whole.

In summary, we have held that the reimposition of the sovereign immunity of the Board of Regents withdrew from the trial court its jurisdiction over the person of the defendant "Regents of the University System of Georgia" and we affirm that portion of the trial court's order so holding. However, we have held that the portion of the complaint which alleges a violation of appellant's right of free speech states a claim and the portion of the trial court's order dismissing the complaint for failure to state a claim is reversed.

*Judgment affirmed in part and reversed in part. Quillian, P. J., and Smith, J., concur.*

ARGUED JANUARY 12, 1977 — DECIDED
MARCH 15, 1977.

*Ralph W. Walker, II, Haas, Holland, Levison & Gibert, Theodore G. Frankel, Richard G. Garrett,* for appellant.

*Arthur K. Bolton, Attorney General, Alfred L. Evans, Jr., Assistant Attorney General,* for appellees.