## A89A2194. EVANS v. BELTH.

(388 SE2d 914)

BIRDSONG, Judge.

Appellant Warren D. Evans, Commissioner of Insurance of this state, appeals the order of the trial court granting appellee Joseph M. Belth's motion for summary judgment.

Pursuant to OCGA § 50-18-70 et seq., appellee had requested access to "all of the Insurance Regulatory Information System (IRIS) material . . . received from the National Association of Insurance Commissioners (NAIC) since January 1, 1987." Appellant sought declaratory relief in Fulton County Superior Court to determine whether these documents were subject to disclosure. Appellee filed a motion for summary judgment seeking an order requiring disclosure of the IRIS documents; the motion was granted. Appellant asserts the trial court erred as the 1989 General Assembly subsequently enacted an amendment to the insurance code which exempts these documents from the open records law, and this subsequent enactment applies in this case. *Held*:

1. Appellant apparently has raised this issue for the first time on appeal. Generally, this court cannot consider issues raised for the first time on appeal. *Long v. Marion*, 257 Ga. 431 (1) (360 SE2d 255). However, as the subsequent legislation did not become effective until *after* the trial court entered its order granting summary judgment, appellant could not effectively assert its applicability before the trial court. When a question *cannot* be raised in the trial court, we have inherent power to review to avoid clear injustice where it appears prejudicial error has occurred necessitating reversal of the trial court's judgment. See Ga. Const. 1983, Art. VI, Sec. I, Par. IV; OCGA § 15-2-8 (7); compare *McLendon v. Wilburn*, 206 Ga. 646 (2) (58 SE2d 423).

2. OCGA § 50-18-70 (b), as amended, provides that "[a]ll state, county, and municipal records, except those which by order of a court of this state or by law are prohibited or specifically exempted from being open to inspection by the general public, shall be open for a personal inspection by any citizen of this state at a reasonable time and place; and those in charge of such records shall not refuse this *privilege* to any citizen." (Emphasis supplied.)

OCGA § 33-2-8.1 (c), effective April 10, 1989, pertinently provides that: "The Commissioner shall investigate every licensed property and casualty insurer that is designated by the National Association of Insurance Commissioners as needing immediate or targeted regulatory attention and . . . the names of such insurers which are in formal rehabilitation, liquidation, or conservatorship. The Commissioner shall obtain from the National Association of Insurance Commissioners the necessary information to implement this subsection and, *notwithstanding the provisions of Code Section 50-18-70, shall*

*withhold from public inspection any such information received from the National Association of Insurance Commissioners under an expectation of confidentiality.*" (Emphasis supplied.)

The language contained in OCGA § 33-2-8.1 (c) is plain and susceptible to but one natural and reasonable construction. In such cases, appellate courts have no authority to place a different construction upon it, but must construe it according to its terms. *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430). The statutory language being plain, and not leading to absurd or wholly impracticable consequences, it is the sole evidence of legislative intent in its promulgation. Id. This subsection unequivocally requires withholding from public inspection of any and all information acquired from the National Association of Insurance Commissioners, provided the same was obtained under expectation of privacy by the Association at the time of information release to the Commissioner of Insurance. Thus, the question presented is whether this subsection applies to the release of documents in the case sub judice, as OCGA § 33-2-8.1 was not effective until after the trial court granted appellee's motion for summary judgment.

It has been held that once a statutory right becomes "vested" no subsequent legislative act can impair it. *Spengler v. Employers &c. Ins. Co.*, 131 Ga. App. 443, 450 (5) (206 SE2d 693). However, a well established exception exists that "[a] person has no vested right in statutory *privileges* and exemptions." (Emphasis supplied.) *Fulton Bag &c. Mills v. Williams*, 212 Ga. 783 (1) (95 SE2d 848); *Goolsby v. Regents of Univ. System*, 141 Ga. App. 605, 607 (1) (234 SE2d 165). A subsequent legislative act can impair or destroy a statutory privilege. Thus, we must determine whether the access granted by the open records act is a grant of statutory privilege.

Although certain precedent refers to the *right* of the public to public records, see, e.g., *Harris v. Cox Enterprises*, 256 Ga. 299 (348 SE2d 448), examination thereof reveals the term "right" is being used in these cases in a broad, concrete sense to include "a power, *privilege*, faculty, or demand, inherent in one person and incident upon another." Black's Law Dictionary (5th ed.), p. 1189. Examination of the plain language of OCGA § 50-18-70 (b) reveals that it is susceptible to but one natural and reasonable construction. OCGA § 50-18-70 (b) expressly provides on its face that the statutory basis for inspection of public records is grounded on "privilege." This intent is further confirmed by legislative history, which reflects that the 1988 amendment to Article 4 of Chapter 18 of Title 50 of the Official Code of Georgia Annotated was to provide inter alia "for certain *privileges* and statutory exceptions . . . [and] to provide for judicial powers and remedies and exceptions thereto." (Emphasis supplied.) Ga. L. 1988, p. 244. As *vested rights* are not affected, subsequent repeal or mate-

rial modification of a statute which forms the basis of statutory *privilege* or exemption, prior to the conclusion of litigation as to the validity or scope of that *privilege* or exemption, destroys or modifies, respectively, the *privilege* or exemption originally provided by that statute. See *Fulton Bag*, supra at 787; compare *Goolsby*, supra at 607-608; *General Motors Acceptance Corp. v. Saliba*, 260 F2d 262 (2) (USCA 5th Cir.). When no vested right will be adversely affected, we are required to apply the law as it exists at the time of our decision, rather than the law prevailing at the time of rendition of the judgment under review. *Hill v. Willis*, 224 Ga. 263, 264 (1) (161 SE2d 281); *McGregor v. State*, 119 Ga. App. 40 (2) (d) (165 SE2d 915); compare *Calhoun v. State Hwy. Dept.*, 223 Ga. 65 (153 SE2d 418) with *Fulton Bag*, supra.

Accordingly, the order granting summary judgment will be reversed and this case remanded. The trial court shall determine whether the operative facts before it establish that the information sought to be disclosed is required to be withheld by OCGA § 33-2-8.1 (c).

*Judgment reversed and case remanded with direction. Deen, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 30, 1989.

*Michael J. Bowers, Attorney General, H. Perry Michael, Executive Assistant Attorney General, William B. Hill, Jr., Deputy Attorney General, Patricia T. Barmeyer, Senior Assistant Attorney General, Nancy M. Gallagher, Assistant Attorney General*, for appellant.

*King & King, David G. King*, for appellee.

