**ST. LOUIS, B. & M. RY. CO. v. COLE et al.**
**(Motion No. 8596; No. 1026—5205.)**

Commission of Appeals of Texas, Section B.
May 1, 1929.

For former opinion, see 14 S. W. (2d) 1024.

E. H. Crenshaw, Jr., of Kingsville, and Davenport, West & Ransome, of Brownsville, for plaintiff in error.

E. W. Napier, of Wichita Falls, and Rabel, Napier & Fristoe, of Harlingen, for defendants in error.

LEDDY, J. ██ It is insisted in plaintiff in error's motion for rehearing that but one juror out of eight who testified on the hearing of the motion for a new trial gave testimony to support the finding implied by us to the trial court that the misconduct of the jury complained of did not occur. This statement is not supported by the record, as two jurors testified positively to such facts. In fact, we think a fair construction of the testimony heard on the motion for new trial shows that three jurors so testified.

We were in error in stating in the original opinion that one of the jurors who so testified was the foreman of the jury; but this fact of course had no bearing on our decision. That the testimony was amply sufficient to sustain a finding of the trial court that no misconduct occurred is apparent from the following testimony: John Ellis, one of the jurors, testified: "When we went out I don't think the first thing discussed was whether or not we would bring in a verdict for the plaintiff or the defendant. We did not agree that we was going to bring in a verdict for the plaintiff before we tried to answer any questions at all. *I am sure of that.* The first thing we did was to read the charge and then we went down and answered those questions. After we read that charge we all got together and elected a foreman. *Our first thing was to read that charge and then we answered those questions.* I don't remember that there was much said about whether we were to bring a verdict for the lady."

Max Tavss, another member of the jury, gave even more positive testimony on this

issue. He testified: "Before we started in to answer the issues the first thing we voted on was not whether or not the lady was entitled to damages. *That didn't happen. I am positive of that. It did not happen.*"

In addition to the above testimony, the juror Braden testified: "When we went out to consider our verdict the first thing we did was to elect a foreman and the foreman was handed all of the papers and he read the charge. Then the foreman, he says: 'Now, gentlemen, I believe we have to answer this by each question separately and discuss each question separately and vote on it;' and he says, 'Now we will take No. 1,' and I think it was discussed and then voted on and so on down the line. *We did all of that before we decided to bring in a verdict for the lady;* we discussed it and voted on it, each one separately. *Before we did that we did not agree that we wanted to bring in a verdict for the lady;* I don't think that was brought up. As to whether or not we agreed before we started to discuss a single question that the lady was entitled to damages and that was the kind of verdict we wanted to bring in, I think maybe the first question had bearing on that and maybe as we voted on that first question something was said to that effect but I don't think we ever voted on it."

The testimony given by the three jurors, Ellis, Tavss, and Braden, was sufficient to justify a finding by the trial court that the jury answered all of the special issues before reaching a decision as to whether the verdict should be for the plaintiff or defendant. Under such circumstances, we must conclude, in the absence of a finding to the contrary, that the trial court found the misconduct complained of did not occur. Bradley v. T. & P. Ry. Co. (Tex. Com. App.) 1 S. W. (2d) 861; Chicago, R. I. & G. Ry. Co. v. Swann, 60 Tex. Civ. App. 427, 127 S. W. 1164.

We recommend that the motion for rehearing be overruled.