Cook, Commissioner of Revenues, *v.* Walters Dry
Goods Company.

4-8408                                           206 S. W. 2d 742

Opinion delivered December 8, 1947.

Rehearing denied January 12, 1948.

*Bruce T. Bullion,* for appellant.

*Catlett & Henderson,* for appellee.

*Archer Wheatley, Moore, Burrow, Chowning & Hall,
Owens, Ehrman & McHaney, E. Chas. Eichenbaum,* and
*Burke, Moore & Burke, amici curiae.*

McHaney, Justice.   The sole question for decision in
this case is the constitutionality of § 2 of Act 135 of 1947,

entitled "An Act to Increase Exemptions Allowed Under Income Tax Laws of Arkansas; to Amend Certain Other Provisions of the Income Tax Law of 1929; to Provide Additional Revenues for Public Services; to Declare an Emergency and for Other Purposes."

Section 2 of said act amends subsection (c) of § 13 of Art. III of Act 118 of 1929, commonly referred to as the Income Tax Act of 1929, by adding a proviso "that the deductions herein allowed for taxes on income paid or accrued within the income year and imposed by the authority of the United States shall not exceed an amount equivalent to fifty per cent (50%) of such Federal income tax so paid or accrued." It was made to apply retroactively to incomes for the year 1946 and prospectively to subsequent years. Section 8 of said Act 135 provides for severability of its provisions, in the event of the invalidity of any part thereof.

Appellee brought the action against appellant to enjoin the enforcement of said § 2, alleging its invalidity, and that it was entitled to deduct the whole federal income tax paid by it in its fiscal year instead of one-half thereof as provided by the act and determined by appellant.

A general demurrer was interposed by appellant to the complaint, which was overruled, and he, electing to stand on his demurrer, was enjoined from collecting any tax from appellee by virtue of said § 2 of said act. This appeal followed.

In *Sims* v. *Ahrens*, 167 Ark. 557, 271 S. W. 720, it was held that a gross income tax law was void, being "in effect a tax upon interstate commerce, and as operating in a discriminatory and arbitrary manner." Syllabus 1. It was also there held that "it is within the discretion of the Legislature to pass a properly classified net income tax law." That decision was rendered in 1925, and in 1929 the Legislature passed Act 118, which this Court sustained, as being a properly classified income tax law, in *Stanley* v. *Gates*, 179 Ark. 886, 19 S. W. 2d 1000.

Act 118 of 1929, in § 13, Art. III, provided for the allowance of a number of deductions "in computing net income," one of them (c), being taxes paid or accrued within the income year, imposed by authority of the United States—or of any State—; "except inheritance taxes, and except income taxes imposed by this Act and taxes assessed for local benefits, of a kind tending to increase the value of the property assessed."

"Net income" is defined in § 7 of Art. III as "the gross income of a taxpayer less the deductions allowed by this Act." What this Court would have done in *Stanley* v. *Gates, supra,* had the original act then under consideration allowed as a deduction only one-half of the taxes imposed by authority of the United States, we do not know, but it seems likely that the whole act would not have been declared void because thereof. Federal income taxes at that time were small as compared to what they are now, and what then would have been a very small matter now becomes a matter of much substance. But the language of the late Chief Justice Hart in that case indicates that the decision would have been the same had the federal tax deduction been one-half, or even none at all, for he there said: "While there must be no discrimination in favor of one as against another of the same class, the States may make exemptions, levy different rates upon different classes, and *make such deductions as they choose,* so long as they obey their own Constitutions. Citing *State* v. *Frear,* 148 Wis. 456, 134 N. W. 673, 135 N. W. 164, L. R. A., 1915B, 569, Ann. Cas. 1913A, 1147, and *State* v. *Johnson,* 170 Wis 218, 175 N. W. 589, 7 A. L. R. 1617." The holding in that case was by a divided Court, the writer of this opinion voting with the majority in that. The minority dissented on the ground that the act was discriminatory as between individuals and corporations. If, as the majority held, "The States may make exemptions, levy different rates upon different classes, and *make such deductions as they choose,*" then it seems necessarily to follow that the limitation as to the deduction now under consideration is a valid exercise of legislative power. Perhaps the language stressed in the above quotation is a little too broad,

since it was conceded in oral argument, and we think correctly, that the ordinary and necessary expenses of doing business, including salaries, rentals, interest, losses, bad debts, etc., as set out in § 13 of Act 118 of 1929, must be deducted in order to determine net income, and that the Legislature could not exclude such items as deductions from gross income. But the matter of taxes paid to the United States and to State, stands on a different basis. These taxes represent the taxpayer's share of the cost of government and are a first charge on his income. They are levied and paid for the protection of his right to engage in business—his right to earn an income—and their deduction from what might be called gross net income, or net income for purposes of taxation, do not render the act one upon gross income. We think the allowance or disallowance of taxes as a deduction from net income for tax purposes, rests entirely in the legislative discretion, and exists by legislative grace, just as do exemptions.

Decisions of the courts of many states construing income tax laws of such states are cited by the respective parties in their excellent briefs, including those filed by the friends of the Court, but we do not cite them or comment in detail upon them. Some of the states have express constitutional provisions for the enactment of income tax laws, while others, such as Arkansas, do not. Ours was enacted under the well settled rule that such a law is not prohibited by our Constitution, and that the Legislature may enact any law that is not expressly or by necessary implication prohibited by the Constitution. For instance, the State of Mississippi has an income tax law, not founded on express constitutional sanction that excludes from deduction all income taxes, while ours, as amended, excludes all State income taxes and only one-half the federal income taxes. In *Tri-State Transit Co.* v. *Tax Commission*, 196 Miss. 23, 16 So. 2d 35, and on rehearing at page 782 of the Southern citation, it was held that, the exclusion by the statute of all income taxes as a deduction, included federal excess profits taxes, since such excess profits taxes were income taxes within the meaning of the act.

Act 118 of 1929 specifically excludes from deduction inheritance taxes, taxes on assessed benefits and income taxes imposed by said act, and no one has ever claimed that such deductions render our act one upon gross income and, therefore, invalid. It was held in *State ex rel.* v. *Wisconsin Tax Commission,* 185 Wis. 525, 201 N. W. 764, that: ''It is well settled that in determining what deductions may be made in respect to inheritance and income taxes, the Legislature has very broad powers, and that 'income' for the purposes of taxation is not necessarily identical with 'income' for other purposes.''

Appellee's counsel, as well as counsel *amici curiae,* base their argument for affirmance of the decree upon the holdings of this Court in *Sims* v. *Ahrens* and *Stanley* v. *Gates, supra,* that a gross income tax could not be levied and that only a properly classified net income tax act could be sustained under our Constitution, and that unless a deduction is allowed for the whole of the federal income tax paid, the act to that extent imposes a tax on gross income and is void.

We cannot agree with this contention and the quotation above from *Stanley* v. *Gates* rather strongly contradicts the contention. While, of course, it is true that net income, to the extent that it includes federal income taxes, is not in an accounting sense net income because, to that extent, it is something the taxpayer cannot call his own and spend as he pleases, but for purposes of taxation it is net income. A large portion of our own salaries is never received by us, because withheld at the source, which is also true of all other salaried taxpayers; but can we say that it is not income because we never had it in our hands? We report it as income and we take credit for the amount withheld in our federal reports. But we are permitted to deduct only one-half of such amount in our returns to the State, only because Act 135 of 1947 allows it to be done. As already pointed out this class of deductions, just as are exemptions, is a matter for lgeislative determination and not one for the courts.

The decree is, accordingly, reversed and the cause dismissed.

490

ROBINS, J., dissents.

ROBINS, J., dissenting. On January 19, 1925, this court held that "the State is without power to impose an income tax." *Sims* v. *Ahrens*, 167 Ark. 557, 271 S. W. 720.

Three and a half months thereafter, on May 4, 1925, on rehearing in the same case, this court, by a three to two vote, held that, while the statute under consideration, by which a tax on gross income was levied, was invalid, the state might, under our constitution, levy a tax on *net* income, with "proper" deductions. Since that time there has been no change in our constitution affecting the power of the General Assembly to levy an income tax; nor has this court up to this time said a tax might be levied against anything other than net income.

The appellant does not argue, and the majority do not hold, that the Legislature has power under the constitution to tax any income except net income, but, say the majority, the amount paid by the citizen to the federal government as income tax may be treated by the state, for taxing purposes, as a part of his net income.

It is freely conceded, as it must be, that the amount paid out for federal income tax, being an absolutely necessary expense of carrying on business, is not, for practical purposes a part of net income. But, argues appellant, and so hold the majority, a taxpayer may have a net income of one amount for ordinary and practical purposes and yet have a much larger net income for purposes of calculating income tax thereon. In my humble judgment, merely to state this declaration of the majority is to show the obvious fallacy of their holding. The implications in this holding are so fraught with future danger to the taxpayer that I am impelled to record my dissent from any such a paradoxical theory.

When we deal with constitutional protection to the taxpayer's pocketbook, language ought to be considered and construed according to its common, everyday meaning. This court, by its former decisions, has assured those who invest in Arkansas enterprises that, under our

constitution, Arkansas may levy a tax against only their *net incomes;* but I fear that much of that assurance is being whittled away when we hold that the Legislature may arbitrarily say that, for the purpose of computing income tax, the taxpayer's net income is much larger than it actually is.

A great jurist once truly said that the power to tax is the power to destroy. When considering the exercise of this potentially destructive function of government, courts ought not, without the most cogent reasons, disturb assurances, as to constitutional limits on the taxing power, previously given to those who furnish the capital to build the enterprises and industries of a state.