**NEEL v. PHILLIPS.**

No. 3033.

Court of Civil Appeals of Texas. Waco.

June 5, 1952.

Rehearing Denied Sept. 25, 1952.

Harry W. Flentge, Gatesville, for appellant.

Byron L. McClellan, Gatesville, for appellee.

TIREY, Justice.

This is a suit for malicious prosecution. The cause was submitted to a jury and after the verdict was returned the court overruled plaintiff's motion for judgment non obstante verdicto and granted defendant's motion for judgment and entered a take nothing judgment in his favor. Plaintiff has appealed.

Point 13 is to the effect that the trial court erred in refusing to grant plaintiff a new trial because of misconduct of the jury while considering its verdict. A comprehensive statement is necessary.

Plaintiff alleged substantially that defendant, on August 31, 1951, maliciously and wilfully filed with the County Clerk of Coryell County a sworn complaint in which

he wrongfully and falsely charged plaintiff with the commission of a misdemeanor involving moral turpitude, to wit, the offense of swindling by the giving of a worthless check; that plaintiff committed this act with the intent to defraud by the use of false representations in order that plaintiff could obtain from defendant groceries, cigarettes and cash of the value of $22.47; that based upon said complaint the County Clerk of Coryell County, on August 31, 1951, issued and delivered to the Sheriff of Coryell County a warrant of arrest, directing the sheriff to arrest the plaintiff; that plaintiff was arrested by virtue of said warrant and was required to give bond in the sum of $500 to appear before the County Court on September 4, 1951, and there to remain from day to day and from term to term until discharged according to law; that thereafter the State of Texas, acting by and through its County Attorney, made motion to dismiss this case filed against the plaintiff by the defendant, and that on the 11th of September, 1951, the County Court of Coryell County found defendant not guilty of the charges filed against him and that said prosecution was accordingly terminated in favor of plaintiff; that plaintiff was not guilty of the charges filed against him; that plaintiff suffered damage by reason of the filing of the complaint in the sum of $500; that plaintiff was forced to employ an attorney to represent him on such criminal charge and agreed to pay $100 for such services and that for the reasons stated defendant became obligated to pay plaintiff the sum of $600. Plaintiff further pleaded that the act of the defendant in filing the claim was wilful and malicious and without probable cause and that by reason thereof plaintiff was entitled to exemplary damages in the sum of $300, and prayed for $600 actual damages and $300 exemplary damages.

Defendant went to trial on his first amended original answer, which contained a general denial, a special answer purporting to detail the transaction between plaintiff and defendant, a special denial that defendant acted with malice, a special denial that he had damaged the reputation of plaintiff or that he caused him loss of earnings or any damage.

The jury found that defendant acted without probable cause and that he acted with malice in filing the complaint against plaintiff but that plaintiff sustained no actual damage by being named in the criminal complaint but found that plaintiff was entitled to recover exemplary damages and fixed the amount at $50.

It is without dispute that plaintiff received an injury in July 1948 that incapacitated him for work. At that time he was living in Gatesville across the street from a grocery store operated by defendant Marvin Phillips; that during the year 1948 Phillips advanced credit to plaintiff for groceries and other merchandise and that plaintiff failed to pay defendant the full amount of his bill and owed the defendant the sum of $22.47. On the 8th of August 1951 defendant came to plaintiff's residence for the purpose of collecting such debt, at which time plaintiff signed a check for the sum of $22.47 and delivered it to defendant, which check was in satisfaction and settlement of his past due account. Defendant caused this check to be deposited in a bank and it was returned without payment.

Phillips testified to the effect that when he went to plaintiff's house to make collection of his bill he told plaintiff that he had come to collect and that he made out the check while he was talking with plaintiff and that plaintiff signed it. The Hon. Jan Clawson, County Judge of Coryell County, testified to the effect that the defendant came to his office on the 31st of August 1951 to file complaint; that the County Attorney was out of the city and that he prepared the complaint on the information given to him by defendant and that he saw defendant sign the complaint and swear to it and defendant said that the check was given to him for groceries and not to cover a debt.

We think it pertinent here to state that art. 1298, Vernon's Ann.Penal Code, provides: "Whoever for the purpose of extorting money from another, or the payment or security of a debt due him by such other, or with intent to vex, harass or injure such person, shall institute or cause to be instituted any criminal prosecution against such other person, shall be fined not less

than one hundred nor more than one thousand dollars, or be confined in jail not less than one month nor more than one year." See cases collated under the foregoing statute.

The affidavit made by Phillips, omitting the formal parts, is as follows:

"I, Marvin Phillips, do solemnly swear that I have good reason to believe, and do believe, that Sammie Neel, who is hereinafter called 'defendant' on or about the 8th day of August, A. D. 1951, and before the making and filing of this complaint, in the County of Coryell and State of Texas, did then and there knowingly, unlawfully, and with intent to defraud, by the use of false representations and deceitful pretenses, obtain from Marvin Phillips, hereinafter called 'Injured Party' the following: Groceries, Cigarettes and Cash by giving and drawing his check in the sum of Twenty Two & 47/100 Dollars on the National Bank of Gatesville, Texas, said check in the tenor of the following: Gatesville, Texas 8–8–51, The National Bank of Gatesville, Pay to the order of Phillip Gro. $22.47, Twenty Two and 47/100 Dollars. Sammie Neel did then and there deliver said check to said injured party, who relied upon and was deceived by the representations of Defendant that the check was good, and the said Defendant, at the time said check was so given and drawn, did not, have sufficient funds in said bank to pay the said check and all other checks, drafts and orders outstanding at the time said check was given and drawn; that said check was duly presented to said bank for payment and payment was refused by said bank for want of sufficient funds in the name of the defendant; against the peace and dignity of the State."

After the filing of this affidavit an information was presented in and to the County Court of Coryell County, September term, 1951, charging that plaintiff knowingly and unlawfully and with intent to defraud drew his check in the sum of $22.47 on the National Bank of Gatesville payable to defendant Marvin Phillips and thereafter warrant of arrest was issued wherein plaintiff was charged with the offense of swindling with a worthless check. Plaintiff was arrested and forced to give bond, and he testified to the effect that he was put to the expense of $100.

On motion for new trial misconduct of the jury was alleged and Clebe Baize, foreman of the jury, testified to the effect that the jury decided that the plaintiff had been damaged $100, but that he should receive $50, and then they finished answering the questions. Juror Brown testified to the effect that the jury decided that plaintiff suffered no actual damages but they did decide, after some argument, that plaintiff was damaged $100 and they would give him $50, and that they gave him the $50 on the fifth question, which submitted the issue of exemplary damages. Juror Bayne testified to the effect that the jury agreed that plaintiff was damaged $100 but that he should be given $50 and then they proceeded to answer the questions. This juror testified further that they found that plaintiff had not suffered any actual damages but his testimony was conflicting in that he testified in one instance that plaintiff was damaged $100 as attorney's fees but that they decided to give him $50 and proceeded to answer the questions accordingly and that they made this agreement before answering Issue No. 3. Juror Hill testified to the effect that they agreed that plaintiff had been damaged $100 but agreed to give him $50. He further testified to the effect that the jury decided that plaintiff had suffered no actual damages. Juror Anderson testified to the effect that the jury agreed that Neel had been damaged $100, but that he should receive only $50, and that they agreed that he should not receive actual damages. Juror Ashby testified to the effect that they agreed that plaintiff had been damaged $100 attorney's fees and they decided to give him $50 and then proceeded to answer the questions. He further testified that plaintiff suffered no actual damages. At the conclusion of the testimony by the jurors on motion for new trial plaintiff called for findings of fact and conclusions of law and the court refused, to which

plaintiff excepted, but the point is not raised in his brief.

■ The question as to whether a jury has been guilty of misconduct in the consideration of its verdict is now controlled by Rule 327, Texas Rules of Civil Procedure. Our Supreme Court has construed and applied this rule. See Watson v. Texas Indemnity Co., 147 Tex. 40, 210 S.W.2d 989; Burkett v. Slauson, Tex.Sup., 237 S.W.2d 253; Crawford v. Detering Co., Tex.Sup., 237 S.W.2d 615. In the Watson case, supra, our Supreme Court held in effect that a party asserting misconduct of the jury has the burden of proof, by a preponderance of the evidence, that such misconduct occurred and also of showing that such misconduct probably resulted in injury to him. Did plaintiff carry this burden? We think he did.

■ First of all, we think it is well settled in Texas that expenses incurred or paid by the plaintiff, including attorney's fees, by reason of having a criminal complaint falsely filed against him, are recoverable as a part of the actual damages in a suit for malicious prosecution. See opinion of this court in Dallas Joint Stock Land Bank v. Britton, Tex.Civ.App., 114 S.W.2d 907, points 6–8, rev. on other grounds, 134 Tex. 529, 135 S.W.2d 981. The evidence shows that Phillips filed the complaint against plaintiff knowing that the plaintiff gave the check for a pre-existing debt and Phillips did not disclose this information to the County Judge who took the complaint. When Phillips made the complaint he could have or ought to have foreseen that an information charging swindling would be filed against plaintiff and that a warrant for his arrest would be issued and that plaintiff would be placed in jail and in order to secure his release he would incur some expenses, including attorney's fees, which expenses would be a natural and probable consequence of such malicious prosecution, and such expenses were incurred. Bennett v. Howard, 141 Tex. 101, 170 S.W.2d 709, pt. 3. See also cases collated under Vol. 14, Texas Digest, Damages. ■ In addition to the authorities cited by the late Justice Alexan-

der in the Britton case, see also 26 Cyc. 61–63 and Vol. 54 C.J.S., Malicious Prosecution, §§ 107–108, page 1100. The testimony of the jurors on motion for new trial shows that the jury was in complete accord in their findings to the effect that Phillips made a false affidavit and that he acted without probable cause and with malice. The testimony of the jurors also shows that they were in accord that plaintiff had suffered some damages but they did not think he ought to recover all of it so they sought to give him $50 exemplary damages and no actual damages. We think the evidence shows that this action of the jury was for the purpose of denying the plaintiff a full recovery of the damages he had actually sustained. Our Supreme Court, in the Slauson case, supra, said in effect that where the misconduct of the jury has been indisputably established, then in such event the question of probable injury becomes one of law for the courts. Under these conditions courts must examine the entire record in the case when passing upon such questions. See points 4, 5 and 6. We have carefully examined the entire record in this cause and we think that the preponderance of the evidence shows that the discussion of the jury to the effect that they agreed that plaintiff should not have all of his damages but only one-half and answered the questions accordingly shows probable injury and this will require a reversal of this cause.

We have carefully considered points 1 through 9 inclusive and under the record presented neither presents reversible error and each is overruled.

Point 10 complains of the court's failure to grant appellant's motion for judgment non obstante veredicto because the evidence shows that plaintiff was actually damaged in the sum of $100. Appellant relies on the doctrine announced in Heilbron v. Stubblefield, Tex.Civ.App., 203 S.W.2d 986 and Boyd v. Texas Employers Ins. Ass'n, Tex.Civ.App., 207 S.W.2d 709, and McDonald Texas Civil Procedure, p. 1455, sec. 1814. It is our view that appellant has not brought himself within the rules therein stated. See also statement of the rule by this court in Dunlap v. Wright,

Tex.Civ.App., 280 S.W. 276, point 6. Point 10 is overruled.

■ Point 11 is to the effect that the court erred in its failure to grant appellant's motion for judgment non obstante veredicto for a nominal sum and for court costs for the reason that the answers of the jury to special issues Nos. 1 and 2 found that appellee had acted without probable cause and had acted with malice, thereby invading a legal right of the appellant. Since the testimony tendered is ample to support the jury's findings aforesaid, this contention must be sustained under the rule announced in 13 Tex.Jur., pages 69 to 71 inclusive and the authorities there collated. See also Anderson v. Alcus, Tex.Civ.App., 42 S.W.2d 294; Flournoy v. Story, Tex. Civ.App., 37 S.W.2d 272. As to exemplary damages, see 13 Tex.Jur. p. 241, sec. 133 and authorities there collated. However, for the reasons heretofore discussed, we think the record is such that the ends of justice require that the cause be reversed and remanded for a new trial. See Buchanan v. Jean, 141 Tex. 401, 172 S.W.2d 688, pt. 4.

Accordingly, the judgment of the trial court is reversed and the cause is remanded for a new trial.

LESTER, C. J., took no part in the consideration and disposition of this case.