TONDRE et al. v. GERLOFF et al.

No. 12529.

Court of Civil Appeals of Texas. San Antonio.

March 18, 1953.

Rehearing Denied April 15, 1953.

John T. Spann and Jones Spann, San Antonio, for appellants.

Morriss, Morriss, Boatwright & Lewis, San Antonio, Noonan & Noonan, Hondo, for appellees.

POPE, Justice.

This is a will contest wherein a jury found that the testator executed his will at a time when he was free from undue influence. This appeal concerns the sufficiency of the evidence to support the jury finding and also whether the jury was guilty of misconduct during their deliberations. Other points are briefed, but we shall not discuss them because they were not presented to the trial court, as required by Rules 320, 321 and 322, Texas Rules of Civil Procedure.

■ Appellants are the nephews of the testator, Celest Tondre, and appellee Pearl Gerloff is his grandniece. By the terms of the will, appellee received an automobile, a cafe, a promissory note, and certain funds on deposit in a bank. Appellants received the residuary estate and were named executors. The evidence showed that the testator was a widower and that after his wife died he spent a great deal of his time at a cafe owned by Pearl Gerloff's father. Pearl Gerloff worked at the restaurant, and when her father made known the fact that he planned to sell the cafe, the testator began and completed plans to purchase it. He permitted Pearl Gerloff to operate the cafe, and did this largely because he wanted a place to eat, to make his small purchases and see his friends. During September of 1951, the testator went to an attorney of his own choice and, unknown to Pearl Gerloff, related to his attorney the nature of the will he desired. He later returned to his attorney's office and executed the will. The testator was not accompanied by any one on either of the visits to his attorney's office. During the testator's last illness, extending over a period of almost two months, Pearl Gerloff was in constant attendance upon him, and was kind and attentive toward him. The will was then already made and it was while the testator was in the hospital that Pearl Gerloff learned that fact. There were positive denials of any exercise of undue influence on the part of Pearl Gerloff, and appellants point to certain acts of kindness on her part as the only source of such influence. The jury on sufficient evidence resolved the issue against appellants.

■ One of the claimed acts of jury misconduct was that the jury discussed the fact that Pearl Gerloff was not present when the testator discussed the will with his attorney nor when he executed it. That matter was developed by the testimony and was an entirely proper discussion of the evidence. Another claimed act of misconduct was that the jury discussed the fact that appellants received certain property in Frio County, which fact was not in evidence. Such a discussion was denied by some jurors, and the foreman stated that he promptly rebuked such a collateral discussion. Some of the jurors stated at the misconduct hearing, that counsel for appellants, during the voir dire examination of the jury, stated that there was an estate involved of about $14,000, and that counsel's statement was the matter the jury casually discussed.

Other points complain that a juror said he believed in upholding wills unless the testator was "crazy," that the appellants were "cold-blooded" in their zeal to pick up the will before the testator's funeral; that a facetious statement was made that

both sides were lying and the jury should make an effort to determine who was lying the least; that Pearl Gerloff could have been bodily removed from the hospital room if she was interfering with appellants' freedom to talk to the testator, as they contended; and that persons of German extraction had a custom to leave property to blood relatives. Appellants, who claim injury, were closer blood relatives than was the appellee.

We have considered each of these asserted grounds of misconduct. The trial court's order finds neither the existence of any misconduct; nor, if it existed, that it was material misconduct, nor that it resulted in probable harm to appellants. The burden to prove these matters rested on appellants. Rasmussen v. Peters, Tex.Civ.App., 253 S.W.2d 329; Neel v. Phillips, Tex.Civ. App., 251 S.W.2d 421. No findings were filed and the disputed facts with reference to the presence of misconduct will be deemed found against appellants' contentions. S. H. Kress & Co. v. Selph, Tex. Civ.App., 250 S.W.2d 883, 902; Humphreys v. Gribble, Tex.Civ.App., 227 S.W.2d 235; Kissman v. Downey, Tex.Civ.App., 221 S. W.2d 785; Stotts v. Love, Tex.Civ.App., 184 S.W.2d 308.

Moreover, no probable injury was proved. All jurors were in favor of answering the jury issue in the negative shortly after their deliberations commenced, and before any of the above stated jury discussions occurred. We conclude that none of the remarks about which appellants complain affected, influenced or changed any minds.

The judgment is affirmed.