**CITY OF SAN ANTONIO, Appellant,**

v.

**B. A. WILLINGER et al., Appellees.**

No. 13723.

Court of Civil Appeals of Texas.

San Antonio.

April 5, 1961.

Carlos C. Cadena, City Atty., Crawford B. Reeder, Asst. City Atty., San Antonio, for appellant.

Park Street, G. H. Russell, San Antonio, for appellees.

POPE, Justice.

City of San Antonio has appealed from a condemnation award of $88,500 for property used as a dog kennel. City urges that (1) the jury improperly considered the value of the kennel business, which was not a proper element of damages, (2) while discussing the condemnee's income tax return, which showed a taxable income a little in excess of $5,000, some juror stated that the income must have been double that amount, and (3) one juror was disqualified because he stated during deliberations that the City would have given some big company $100,000 and should do as much for the condemnee. The amount of the damages was well within the testimony, and the trial court made no finding of misconduct.

The brief mention of business damage during deliberation was invited, because it was developed in the evidence without objection, and the City questioned witnesses on that subject. Matters which are in evidence and not excluded by the charge or instructions may be considered by the jurors. Blaugrund v. Gish, 142 Tex. 379, 179 S.W.2d 266; Wolf Co. v. Atchison, T. & S. F. Ry. Co., Tex.Civ.App., 301 S.W. 2d 272, 275; Gulf Oil Corp. v. Walker, Tex. Civ.App., 288 S.W.2d 173; Burnett v. Rutledge, Tex.Civ.App., 284 S.W.2d 944; Tondre v. Gerloff, Tex.Civ.App., 257 S.W. 2d 158. Jurors are not required to pass upon the admissibility of evidence which is before them without instruction. Grandstaff v. T. E. Mercer, Teaming and Trucking Contractor, Tex.Civ.App., 227 S.W.2d 372.

The second claimed act of misconduct was not misconduct. Several witnesses testified that the condemnee's annual income for several years had been in excess of $10,000. The evidence was presented in proof of the income approach to market value of the realty. Taxable income is not the same thing as income, Cook v. Walters Dry Goods Co., 212 Ark. 485, 206 S.W.2d 742, and the juror's remark was a lawful inference.

The third act of misconduct occurred when a juror stated during deliberations that City would probably have paid a large award if the condemnee were some big company. This is as much as City was able to prove. It was mentioned once by one juror and not discussed. Additional comments were made to City's investigator while he was investigating jury misconduct, but those statements did not affect the verdict. We regard the comment as harmless when viewed in the light of the whole case. City reduces this point to the ultimate contention that the juror's statement manifested prejudice and he was therefore disqualified. It cites in support of its argument some old presumed harm cases. City's complaint of prejudice by the juror comes too late, because it failed to take the requisite steps to discover and eliminate the prejudiced juror during the voir dire. This record is silent of any efforts by City to inquire of any juror about his bias or prejudice. One who fails to conduct a complete voir dire waives his right to complain of prejudice. Coats v. Windham, Tex.Civ.App., 281 S.W.2d 207; Texas Employers Ins. Ass'n v. Noel, Tex. Civ.App., 269 S.W.2d 835, 842. This means ordinarily that counsel should (1) inquire about the subject on voir dire, Akers v. Epperson, 141 Tex. 189, 171 S.W.2d 483, 156 A.L.R. 1028; (2) ask specific rather than general questions, Coulson v. Clark, Tex.Civ.App., 319 S.W.2d 183; Dallas

Transit Co. v. Collier, Tex.Civ.App., 317 S.W.2d 557; (3) ask questions which are clear and free of confusion and misunderstanding, Southern Truck Leasing Co. v. Manieri, Tex.Civ.App., 325 S.W.2d 912; Frontier Theatre, Inc. v. Whisenant, Tex. Civ.App., 291 S.W.2d 395, and (4) pursue inquiries suggested by the answers of a juror. Texas Employers Ins. Ass'n v. Noel, supra. City waived any complaint that the jury was improperly constituted.

The judgment is affirmed.