W. W. AUTO PARTS, INC., Appellant,

v.

Matry L. HYAK, Appellee.

No. 13748.

Court of Civil Appeals of Texas.

San Antonio.

May 17, 1961.

James M. Fly, Victoria, for appellant.

Tibiletti & Williams, Victoria, for appellee.

POPE, Justice.

 W. W. Auto Parts, Inc., as tenant, sued Matry L. Hyak, its landlord, for damages for breach of a lease agreement. The tenant failed to obtain jury findings of damages, and on the landlord's cross-action, the court rendered judgment against the tenant for unpaid rent in the sum of $4,500. On appeal, the tenant urges that the landlord breached the lease agreement and that the court should have ruled that there was a rescission from and after the breach. In suing for damages, the tenant affirmed the lease agreement and was bound by its rental obligations. Tenant did not plead or seek to prove a cause of action for rescission. It made no mention of that alternative relief in its motion for new trial. The tenant elected to sue for damages and lost its case on the only theory presented to the trial court, and we affirm the judgment. Texas Co. v. Ramsower, Tex.Com.App., 7 S.W.2d 872; Id., Tex.Com.App., 10 S.W.2d 537; Jenkins v. Northwestern Pipe & Supply Co., Tex.Com.App., 299 S.W. 857.

Tenant urges that the jurors discussed and considered the effect of their answers to the special issues. Since the court, without findings, overruled the motion for new trial based on jury misconduct, there is an implied finding that the misconduct did not occur. Monkey Grip Rubber Co. v. Walton, 122 Tex. 185, 53 S.W.2d 770; St. Louis, B. & M. R. Co. v. Cole, Tex.Com.App., 14 S.W.2d 1024; Id., Tex. Com.App., 16 S.W.2d 534; Tondre v. Gerloff, Tex.Civ.App., 257 S.W.2d 158. An essential element for this form of misconduct is an agreement among the jurors to achieve the preconceived result. The agreement was not proved. Ford v. Carpenter, 147 Tex. 447, 216 S.W.2d 558; Maryland Casualty Co. v. Hearks, 144 Tex. 317, 190 S.W.2d 62; Monkey Grip Rubber Co. v. Walton, supra.

We affirm the judgment.