Leon HAUCK et ux., Appellants,

v.

Mrs. Commie PRICE, a Feme Sole, Appellee.

No. 14277.

Court of Civil Appeals of Texas.

Houston.

Jan. 9, 1964.

Parrish & Webb, Don S. Webb, Houston, for appellants.

Robert H. Cowie, Houston, for appellee

COLEMAN, Justice.

This is an appeal from a judgment awarding damages to the plaintiff in an action based on an assault. The principal questions presented by this appeal are concerned with alleged misconduct of the jury.

At a hearing on the motion for new trial, evidence was produced to the effect that while the jury was deliberating on the damage issues some question arose as to how the defendants could pay any damages that might be awarded against them, and the foreman of the jury stated that they owned a business and could pay the damages, or, probably, could borrow enough money to pay them. Another member then spoke up and said: "Well, that is none of our business." The fact that the defendants owned and operated a business was in evidence and the mention of that fact in the jury room was not misconduct. There was no evidence concerning the financial condition of the appellants and their ability to pay a judgment was a matter of no concern to the jury. However, such a casual reference to financial condition which was promptly rebuked, was not calculated to injure appellants. St. Paul-Mercury Indemnity Co. v. Bearfield, Tex.Civ.App., 296

S.W.2d 956; Menefee v. Gulf, C. & S. F. Ry. Co., Tex.Civ.App., 181 S.W.2d 287.

There was also testimony that in connection with the discussion of the amount to be awarded appellee as damages for physical pain, mental anguish and disfigurement, some one or more of the jurors calculated the amount of salary she would have earned from the time of her injury to the end of the year and arrived at the sum of $1800.-00. One juror testified that they discussed that figure as a loss of wages or damages for the time she was off work, and that she, the juror, considered such a loss as physical damage. This witness further testified that the discussion of the time lost from work by appellee "was exactly what we heard from the testimony in the courtroom." The three jurors who testified all remembered that there was some discussion of loss of wages, although one didn't remember whether the discussion was in the jury room or somewhere else.

The evidence showed that appellee was earning $50.00 a week prior to the assault and that as a result of the assault appellee was off work for one week. She was compensated for that week, but later found it hard to keep a job because of nervousness. There was no direct testimony as to any other time lost and loss of wages was not included as an element of damage in the charge of the court.

There is evidence that appellee suffered physical pain, mental anguish and disfigurement. In his charge the trial court instructed the jury that in determining the amount of money that would reasonably compensate appellee for her injuries, they should consider those elements and nothing else. It is appellants' contention that the evidence proves that this instruction has been violated in that the jury also considered loss of earnings.

■■ Since the trial court denied the motion for a new trial and filed no findings of fact or conclusions of law, we must presume that he found that the jury followed his instructions and did not take into consideration, in arriving at their verdict, the possible loss of wages. The testimony presented at the trial shows clearly that appellee did not lose $1800.00 in wages. None of the witnesses testified that the jury agreed to allow any sum as damages for loss of wages. The fact that the matter was discussed does not establish as a matter of law that it entered into the verdict. While there is no conflict in the evidence as to whether such a discussion occurred, neither is there a necessary inference that it affected the verdict. It is not misconduct for a juror to discuss the evidence in a case. City of San Antonio v. Willinger, Tex.Civ.App., 345 S.W.2d 577. The court cannot speculate about the mental process by which a juror reached his verdict. Akers v. Epperson, 141 Tex. 189, 171 S.W. 2d 483, 156 A.L.R. 1028.

■ Since the trial court has impliedly found that no misconduct occurred, and such a finding is not contrary to the undisputed evidence, this Court is bound by the finding. Younger Bros., Inc. v. Myers, 159 Tex. 585, 324 S.W.2d 546.

■ In any event, viewing the record as a whole, we do not think it probable that injury resulted to appellants. Trousdale v. Texas & N. O. R. Co., 154 Tex. 231, 276 S.W.2d 242.

■ Appellants made certain objections to the court's charge in their motion for a new trial, but there is no showing that the objections were presented to the court in writing before the charge was read to the jury. The objections were waived. Rule 272, Texas Rules of Civil Procedure; Smith v. Morgan, Tex.Civ.App., 235 S.W. 2d 938, error dism.

There is nothing in the record to indicate that the jury was influenced by passion or prejudice and the verdict is not so great as to, in itself, indicate that the case was not decided by the jury on its merits alone.

The judgment of the trial court is affirmed.