The **STANDARD FIRE INSURANCE COMPANY**, Appellant,

v.

**J. F. MALONE**, Appellee.

**No. 4912.**

Court of Civil Appeals of Texas, Waco.

July 30, 1970.

Fulbright, Crooker, Freeman, Bates & Dixie Smith, Rod Koenig, Houston, for appellant.

Charles R. Clements, Houston, Roger Knight, Jr., Madisonville, for appellee.

McDONALD, Chief Justice.

This is a workmen's compensation case. Plaintiff Malone was accidentally injured while in the employ of L. E. Meyers Company.

Plaintiff thereafter sued defendant insurance carrier, alleging total permanent incapacity by reason of his injury.

Trial was to a jury which found that plaintiff sustained accidental injury on March 28, 1966, which produced 200 weeks total incapacity. The trial court entered judgment on the verdict for plaintiff for $7044.14.

Defendant appeals on 3 points, contending there is no evidence or insufficient evidence to support the jury's finding of 200 weeks total incapacity; and that the jury's finding is against the great weight and preponderance of the evidence.

Plaintiff was employed as a truck driver, but was acting as material foreman on March 28, 1966, when a cable he was rolling up, uncoiled and struck his right testicle. He was hospitalized for eight days, and was off work for eight weeks. He was paid compensation for twelve weeks. While hospitalized he had pain, swelling and discomfort in his right testicle. After returning to work, he worked until later in 1968, when, through a good friend, he got a job with Fisk Company as a material foreman. He worked for Fisk until January 7, 1969 when he quit, and did not work for a six weeks. He then bought a truck and entered the trucking business, hiring drivers to drive the truck.

His testicle has never returned to its normal size, the size it was before the injury. He has worn a suspensory device since injury to prevent pain and swelling, and testified he could not go about his daily activities without it. Bouncing, jostling, lifting, standing and sitting in one position causes his testicle to swell. One year after injury he drove a truck and had pain and swelling in his testicle. He testified he could not get a job driving a truck, or if he could get a job he could not keep it. From the date of injury to time of trial in November 1969, his condition has stayed about the same. One doctor he saw wanted to operate on his testicle. He testified that his testicle hangs so low that he can do nothing; that when he starts to move he bumps it; that when he starts to cross his legs he mashes it and it commences to swell and hurt.

Dr. Pittman, defendant's witness, testified that plaintiff's testicle was tender two years after the injury; that the right epididymis was definitely firm and enlarged; and that if anything rubbed against plaintiff's testicle it aggravated it and made it sore.

■ The duration and extent of disability resulting from injury is at best an estimate which must be determined by a jury from all the pertinent facts before it. Connecticut Indem. Co. v. Henson, Tex. Civ.App. (n. w. h.), 388 S.W.2d 300; Ins. Co. of Texas v. Anderson, Tex.Civ.App. (n. r. e.), 272 S.W.2d 772; Employers Reinsurance Corp. v. Jones, Tex.Civ.App. (n. r. e.), 195 S.W.2d 810.

■ A workman is not necessarily precluded from recovering workmen's compensation benefits for a period of time in which he was working and earning wages following the date of injury. Consolidated Cas. Ins. Co. v. Baker, Tex.Civ.App. (n. r. e.), 297 S.W.2d 706.

■ From the record, we think the jury was authorized to find the duration of disability as they did and that such finding has ample support in the evidence.

Defendant's points and contentions are overruled.

Affirmed.