**LIBERTY MUTUAL INSURANCE COMPANY, Appellant,**

v.

**David PARRISH, Appellee.**

**No. 5022.**

Court of Civil Appeals of Texas, Waco.

June 3, 1971.

Brown, Crowley, Simon & Peebles, Ft. Worth, for appellant.

Edwin G. Bell, Ft. Worth, for appellee.

OPINION

HALL, Justice.

This is an appeal by the insurance carrier in a workmen's compensation case.

Without dispute in the record, appellee sustained an injury to his back on June 1, 1962, while in the course of his employment. The injury resulted in the removal of the fifth lumbar disc and a spinal fusion. Appellee's claim for compensation was not acted upon by the Industrial Accident Board until February 3, 1970. Appellant initiated the trial de novo from the award of the Board.

Trial was to a jury which made findings that total disability sustained by appellee as a result of the injury on June 1, 1962, was "permanent;" and that appellee did not sustain a new injury on or about November 1, 1969. In its two points of error, appellant attacks these findings as being so against the overwhelming weight and preponderance of the evidence as to be manifestly wrong and unjust.

The disc damage caused severe pain in appellee's right hip and leg, with occasional numbness in his right leg and foot. The severity of the pain increased daily. After more conservative medical treatment failed to give appellee any relief, the disc removal and fusion were performed on July 3, 1962. Appellee was released from the hospital on July 13th.

There is evidence in the record that appellee's post-operative care was uneventful; that he returned to work on a light duty basis in early September, 1962; that on December 10, 1962, appellee's physician dismissed him and expressed the opinion that appellee "will have 10% permanent partial disability to the body as a whole;" that from the time of his return to work until the date of trial appellee did not miss any work because of the condition of his back except for occasional check-up visits to the doctor; that there was a period of

time of five to six years between the date of surgery and the date of trial when appellee did not see any doctor regarding his back; that, other than immediately after his return to work, the jobs assigned to appellee since his operation have all been regular job assignments; that since returning to work, appellee has voluntarily worked many hours of overtime; that he worked on a camper on his own time at the plant; that on his own time he has performed refrigeration repair work for private income; that he has taken courses in electricity and refrigeration which lasted from four to five months, and which required him to drive from Cleburne to Fort Worth and back once each week for two-hour class sessions; that in January, 1964, an extensive medical re-evaluation of appellee's back, including X-rays, showed a solid lumbosacral fusion with no narrowing of any disc spaces or other evidence of bone or joint pathology, and a confirmation of the "previous estimate that this patient will have 10% permanent partial disability."

Additionally, the record contains testimony from appellee, his wife, and a co-worker, that appellee is 40 years of age; that he has a tenth-grade education; that his duties prior to his injury required extensive lifting of sheetmetal; that when he returned to work he had pain in his back and leg and was in a back brace, but he returned because he didn't have any income and "the bills kept coming in," and he had to provide a living for his wife and four children; that prior to his injury he was "real strong" and "could lift anything that was required to be lifted * * * a hundred and fifty pounds;" that since his return to work he cannot lift over 25 to 30 pounds "without lots of extra pain," and is unable to move, bend, and walk as before and must avoid all heavy lifting and bending and stooping, all of which restricts him in his work and other activities; that after walking a short distance his right leg "just wants to fold up;" that his back is now partially stiff and it cramps him and hurts him "to even get down to perform a stooping job like it ought to be done;" that his present duties involve service work on air-conditioning systems, and he often must ask a co-worker to set in a motor or compressor because he cannot lift it; that he suffers continuous pain in his back and leg which gets progressively worse during the day, and that as early as 10:00 A.M. on a normal work-day he begins to tire; that he has made applications (which required him to tell of his back injury and operation) for jobs with companies who were hiring employees with his occupational background, and he was refused employment; that he is unable to perform the usual tasks of a workman; that when his work takes him from the plant, his co-worker lifts everything weighing over 20 or 25 pounds, and does all of the driving, because of his back condition; that he favors his right side and can't sit still very long because of pain; that he has difficulty sleeping at night and often must get up during the night and exercise to relieve the pain in his leg; and that, because of the pain, he is unable to help with normal household duties.

Appellee's failure to see a doctor for five or six years was explained by him in these words: "And so, every time I'd go, he'd tell me he'd done all that he could do and give me a prescription for pain reliever, which I had to buy myself. So, I didn't see any sense in incurring more medical bills when I couldn't even make a living like it was. So, I just didn't go."

■ The duration and extent of disability resulting from an injury is at best an estimate which must be determined by a consideration of all the pertinent facts. Standard Fire Insurance Company v. Malone (Tex.Civ.App., 1970, no writ. hist.), 457 S.W.2d 379, 380. The testimony of a claimant alone, or of other lay witnesses, or a reasonable inference based upon circumstantial evidence, will support a finding of total permanent disability. This is

true though the evidence upon which the finding is based may be contradicted by the testimony of medical experts. Travelers Insurance Company v. Wade (Tex.Civ. App., 1963, writ ref., n.r.e.), 373 S.W.2d 881, 885. And the mere fact that a workman keeps working after he is hurt, or earns more money after the injury than he did before, is not singularly controlling on the question of whether he was permanently or totally disabled but is simply a fact to be considered along with the other evidence in the case. Royal Indemnity Company v. Smith (Tex.Civ.App., 1970, no writ. hist.), 456 S.W.2d 218, 221.

"Many cases can be cited pro and con on the question of the sufficiency of the evidence to sustain a jury's verdict. It would be difficult if not impossible to give a detailed explanation of the rule which would fit all cases. Each case must be determined separately according to the particular evidence presented." Travelers Insurance Company v. Wade, supra.

■ A review of the entire record convinces us that the evidence is factually sufficient to support the jury's finding that appellee's disability is permanent.

■ Appellee was cross-examined regarding an alleged "new injury" and testified as follows: "Q. Now, as a matter of fact, haven't you had another back injury since this back injury of 1962? A. No sir. Q. Did you have a back injury on November the 1st, 1969? A. That wasn't a new back injury. That was still a sprain of the hurt part of my back. Q. Didn't you report it as being a new injury? A. Well, I'm not a doctor. I just told the foreman that I hurt my back, I thought again. * * * Q. And that you pulled a muscle in your back? A. Well, I pulled something. I don't know. It's still in the lower part of my back that it hurt. It wasn't any new injury. It just intensified the pain that I already had. * * * Q. And then, it was only after then that you went back up to Fort Worth Bone and Joint Clinic? A. Yes, sir. Q. And when you got there you reported to Dr. Mc-Donald that you were lifting a condenser and had sprained your back, didn't you? A. I reckon; yes, sir."

Appellee's visit to the Bone & Joint Clinic resulted in the following entries in his medical record:

"12–19–69.

"Mr. Parrish has been having some pain in his low back and in his right leg for the past few weeks. He states that it had its onset when he lifted a heavy object while at work. He had a disc and fusion in 1962 and did well after his recovery from that procedure up until his present incident. He states that bending does not bother him, coughing and sneezing does not bother him.

"Examination reveals no tenderness to deep palpation. There is no paravertebral muscle spasm. Range of motion of the back is full. Jugular compression test is negative. Deyertes' test is negative. Deep tendon reflexes are normal.

"X-ray reveals what appears to be a solid L–5/S–1 fusion. There is no evidence of any abnormality."

In our opinion the finding that appellee did not sustain a new injury on November 1, 1969, is amply supported by the evidence.

The judgment is affirmed.

JAMES, J., not participating.