**INDUSTRIAL UNDERWRITERS IN-SURANCE CO., Appellant,**

**v.**

**Vowow Dock GAMBLE, Appellee.**

**No. 5029.**

Court of Civil Appeals of Texas, Waco.

Sept. 23, 1971.

L. L. Geren, Groesbeck, Jack Look, Dallas, for appellant.

Bean, Francis, Ford, Francis & Wills, Dallas, Holloway Martin, Jr., Mexia, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Insurance Company from a judgment of total permanent disability in favor of plaintiff Gamble, in a workman's compensation case.

The parties stipulated all facts except the existence, duration and extent of incapacity. The jury found plaintiff's injury was a producing cause of total incapacity

which was permanent, and that the injury was not the producing cause of any partial incapacity. The trial court entered judgment on the verdict.

Defendant Insurer appeals on 9 points contending:

1) There is no evidence or insufficient evidence that plaintiff was totally and permanently incapacitated, and the judgment is against the great weight and preponderance of the evidence.

2) The trial court erred in ruling there was no jury misconduct.

Plaintiff, a 56 year old laborer was injured while trucking a 500 pound bale of cotton through a warehouse. The bale struck an obstruction in the aisle, and the dolly handle struck him in the back, causing injuries to his chest and back. Dr. Williford gave him a brace to wear which gave him some relief. Dr. Williford saw plaintiff 6 or 7 times in treating his side and back. Plaintiff was turned down for work after the accident. Plaintiff has worked some in a filling station, which the evidence reflects was under economic compulsion. Plaintiff's back hurts when he stoops, and he cannot pick up trash. Dr. LaPrade diagnosed plaintiff as having an "acute lumbar strain severe, and also stretching and pulling and maybe even a tear of interspinous and perhaps longitudinal, posterior longitudinal ligaments in his back", and he prescribed medication for pain, muscle relaxant pills, heat, traction and physiotherapy treatments. Dr. LaPrade testified plaintiff in his opinion "will have physical limitation due to this injury"; and "he is going to have permanent type of disability limitations in this lumbar area" and he will be limited in the performance of "lifting and stooping"; and he would not pass him "for most forms of employment". Plaintiff's back condition had continued for 9 months to the time of trial.

 The evidence is ample to sustain the findings and such are not against the great weight and preponderance of the evidence. Ins. Co. of Tex. v. Anderson,

Tex.Civ.App. (NRE), 272 S.W.2d 772; Tex. Employers Ins. Assn. v. Dimsdle, Tex. Civ.App. (NRE), 440 S.W.2d 359; Universal Underwriters Ins. Co. v. Bounds, Tex.Civ.App. (NRE), 401 S.W.2d 865; Standard Fire Ins. Co. v. Malone, Tex.Civ. App., NWH, 457 S.W.2d 379.

Defendant asserts jury misconduct in that one of the jurors testified that during the jury's deliberation that one of the other jurors told him if he voted for partial disability plaintiff would get only two weeks compensation; that if he voted for total and permanent disability plaintiff would get $800. or $900. for eight years. Another juror testified in effect that the above did not take place.

Rule 327 Texas Rules of Civil Procedure provides the trial court may grant a new trial for jury misconduct in receiving "other testimony" 1) If such misconduct be proved, and 2) if it reasonably appears from the evidence both on the hearing of the motion, and the trial of the case, and from the record as a whole that injury probably resulted to the complaining party.

 The actual occurrence of jury misconduct is a question of fact for trial court determination, and its finding thereon will not be disturbed if it has support in the evidence. When misconduct is established, the reviewing court will review the matter in the light of the entire record to determine whether the misconduct resulted in probable injury to the complaining party. 4 Tex.Jur.2d 368; Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462; W. W. Auto Parts, Inc. v. Hyak, Tex.Civ. App. (NWH), 346 S.W.2d 919.

 The trial court found that the misconduct did not occur and there is support in the evidence for such finding. And from the record as a whole we think the asserted misconduct if same did occur, did not result in probable injury to defendant.

Defendant's points and contentions are overruled.

Affirmed.