The Honorable Owen T. Miller State Representative 602 Liberty Marked Tree, AR 72365
Dear Representative Miller:
This is in response to your request for an opinion on whether or not a person would have to resign from a city council seat if he were elected to the local school board, or if the person could serve out the remainder of the term on the council.
If the law precludes simultaneous service in these two positions, the person could be forced to resign the prior position upon acceptance of the later office. See, e.g., Byrd v. State,240 Ark. 743, 402 S.W.2d 121 (1966). In my opinion, however, it is not clear that a city council member cannot serve on a local school board.
I assume, as an initial matter, that your question does not refer to a member of a county board of education. This distinction is significant due to the prohibition under A.C.A. 6-12-101(a) against any county board of education member holding ". . . any salaried or fee office of the state or any political subdivision thereof."[1]
It should also be noted that Section 25 of Article 19 of the Arkansas Constitution authorizes one's service as both mayor and school board member.[2] See, e.g., Craighead County Bd. of Educ. v. Henry, supra, fn. 1.
With regard to a city alderman position, as opposed to the mayor, your inquiry demands consideration of the possible effect of Article 19, Section 26, as well as any other potential bases for excluding one from holding both positions. As to Article 19, 26, it is my opinion that officers of the public schools are not, by virtue of this constitutional provision, necessarily precluded from holding positions other than executive or judicial office. It is well-established that the Arkansas Constitution is not a grant of enumerated powers or an enabling act, but rather it is a restraining act. Jones v. Mears, 256 Ark. 825, 510 S.W.2d 857
(1974). The legislature is the reservoir of all power not relinquished to the federal government or prohibited by the state constitution. Hackler v. Baker, 233 Ark. 690, 346 S.W.2d 677
(1961). Thus, the legislature can enact any law that is not expressly or by necessary implication prohibited by the Constitution of Arkansas. Cook v. Walters Dry Goods Co., 212 Ark. 485,206 S.W.2d 742 (1948).
It may be concluded from these precepts that the grant of eligibility to public school officers in connection with "executive or judicial office" (Ark. 19, 26) operates to preclude the legislature from enacting laws which would deny eligibility in this regard. See Craighead County Bd. of Educ., supra. The legislature is free, however, to regulate these persons' access to other offices. A review of state law fails to yield such a restriction with regard to a city council position. Nor, in my opinion, are the positions of local school board member and city alderman generally incompatible. While this is ordinarily a question of fact, to be resolved by the judiciary, we perceive no apparent conflict by virtue of the mere holding of these positions. The city council does not exercise general supervisory powers over the schools, nor are the local school board members subject to removal by the city council. These usual indicators of potential incompatibility are therefore absent.
Thus, it is my opinion that a person's election to the local school board does not mandate his or her resignation from a seat on the city council.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] The Arkansas Supreme Court has ruled, however, that A.C.A.6-12-101(b) is unconstitutional to the extent it precludes county board of education members from holding elected executive or judicial office. Craighead County Bd. of Educ. v. Henry,295 Ark. 242, 748 S.W.2d (1988). See Const. Ark. Art. 19, 26.
[2] Article 19, 26 states that: "Militia officers, officers of the public schools and notaries may be elected to fill any executive or judicial office."