The Honorable Randy Thurman State Representative P.O. Box 584 Heber Springs, AR 72543-0584
Dear Representative Thurman:
This is in response to your request for an opinion regarding Section 2 of Amendment 55 to the Arkansas Constitution. You have asked whether this grant of power to the Quorum Court is exclusive, or whether the General Assembly has authority to separate county offices.
I assume that your question pertains to Section 2(b) of Amendment 55 which states:
 The Quorum Court may create, consolidate, separate, revise, or abandon any elective county office or offices except during the term thereof; provided, however, the a majority of those voting on the question at a general election have approved said action.
It is my opinion that Amendment 55, § 2(b), does not present an obstacle to the General Assembly's power to separate county offices. It is well-settled under our form of government that the legislature is the reservoir of all power not relinquished to the federal government or prohibited by the state Constitution.Hackler v. Baker, County Judge, 233 Ark. 690, 346 S.W.2d 677
(1961). This precept follows from the fact that the Arkansas Constitution is not a grant of enumerated powers or an enabling act. Rather, it is a restraining act. State v. Martin,60 Ark. 343, 348 (1895); Jones v. Mears, 265 Ark. 825, 510 S.W.2d 857
(1974). Thus, the General Assembly has the power to enact any law that is not expressly or by necessary implication prohibited by the Constitution. Cook v. Walters
Dry Goods Co., 212 Ark. 485, 206 S.W.2d 742 (1948).
It is therefore my opinion that the grant of power under Amendment 55, § 2(b), to the Quorum Court does not operate to deny any authority of the General Assembly in this regard. This constitutional provision does not on its face, or in my opinion by necessary implication, deny state legislative authority to separate county offices. With regard to any implied denial of authority, it must be noted that the maxim "expressio unius est exclusio alterius" is not be be applied with the same rigor in construing the constitution as a statute.[1] State v.Martin, 60 Ark. at 355. Only those things that are ". . . expressed in such positive affirmative terms as plainly imply the negative of what is not mentioned" will be considered as impliedly inhibiting the General Assembly's powers. Id. It is my opinion that the grant of local legislative authority in Section 2(b) does not "plainly imply" the absence of state legislative authority.
A conclusive determination with regard to the General Assembly's separation of any particular county offices would, of course, require consideration of the specific legislation. And it must be recognized that the grant of authority under Amendment 55, § 2(b), cannot be denied by the state; the Quorum Court's power to "create, consolidate, separate, revise, or abandon" any elective county office or offices will remain intact, with the approval of a majority of the electors.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] This maxim of statutory interpretation means that the expression or mention of one thing implies the exclusion of another. See Black's Law Dictionary 521 (5th ed. 1979).